**UNITED STATES of America, Appellee,**

v.

**Wilbur G. PARKS, a/k/a W. George Parks, Defendant, Appellant.**

**No. 7254.**

United States Court of Appeals First Circuit.

June 19, 1969.

Harold M. Willcox, Boston, Mass., with whom Alton W. Wiley, Providence, R. I., was on brief, for appellant.

Frederick W. Faerber, Jr., Asst. U. S. Atty., with whom Edward P. Gallogly, U. S. Atty., was on brief, for appellee.

Before WOODBURY,* Senior Circuit Judge, McENTEE and COFFIN, Circuit Judges.

WOODBURY, Senior Circuit Judge.

The appellant and his wife are citizens and residents of Rhode Island who filed joint federal income tax returns for the calendar years 1960 to 1963 inclusive with the District Director of Internal Revenue in that state. They were indicted jointly in four counts in the United States District Court for the District of Rhode Island for wilfully and knowingly attempting to evade and defeat a large part of their income taxes for those years in violation of § 7201 of the Internal Revenue Code of 1954, Title 26 U.S.C. § 7201. Count I charges an attempt to evade and defeat income taxes for the calendar year 1960 by making false representations to an Internal Revenue Agent during an audit of their

* By Special Designation.

joint income tax return for that year. Counts II through IV charge attempting to evade and defeat their taxes by filing false and fraudulent returns understating taxable income for each of the calendar years 1961 through 1963.

The court dismissed Count I at the close of the evidence. The jury brought in a verdict of guilty on all remaining counts as to the appellant, Dr. Parks, but not guilty as to Mrs. Parks. This appeal is from the sentence imposed on that verdict.

The appellant has been a professor of chemistry at the University of Rhode Island since 1931 and was the head of his department during the years covered by the indictment. In addition to teaching, Dr. Parks acted as consultant to a number of scientific organizations, primarily Gordon Research Conferences, the National Academy of Sciences and the Scientific Advisory Panel of the Department of the Army, from each of which he received a salary and reimbursement for travel and other expenses. The Government's charge is that Dr. and Mrs. Parks had received reimbursement from those organizations for various travel and other expenses which they had deducted from their tax returns for the years covered by Counts II through IV of the indictment.

Trial began on April 23, 1968, and the case was submitted to the jury a little before 1 P.M. on May 8th. About 1 A.M. the next day, May 9th, the foreman of the jury reported to the court that the jury had been unable to reach a verdict and that the jurors were tired. Nevertheless, the court required the jury to continue its deliberations, and at 3:07 A.M. it returned its verdict. The appellant complains of this, but his principal complaint is of the conditional admission of a number of Government exhibits, later stricken in whole or in part because the prosecutor failed to establish their relevance.

 During the course of this protracted trial the prosecutor offered a number of checks, vouchers and like documents in evidence which upon objection by defense counsel on grounds of relevance were admitted conditionally subject to motion to strike, but nevertheless read to the jury, some more than once, on the prosecutor's general statement that he would show the relevance of the proffered exhibits by subsequent testimony. This the prosecutor failed to do, and the court at the close of the evidence on defense counsel's motion struck a number of exhibits either in whole or in part. Counsel for the appellant argues that the damage was done when the numerous irrelevant exhibits were read to the jury, and that striking the exhibits at a later stage of the trial was ineffective to repair or even to mitigate the damage. We agree.

We very well recognize that many times cases can be established only by proof of a succession of separate and distinct facts each of which standing alone would amount to nothing, while all taken together would form a connected chain and establish the issue. Thus of necessity counsel are given rather wide latitude in determining the order in which they shall present their evidence subject, of course, to the general supervision of the court. If an evidential fact offered has some apparent connection with the case on the assumption that other facts will be proved, it may be admitted on the condition that those other facts be shown. The possibility that the supporting or qualifying facts will not be shown is a risk which has to be taken and in case of failure to make those facts good, striking the offered evidence is usually regarded as an adequate remedy. But it has long been recognized that striking evidence not subsequently made relevant is not always a cure. In Throckmorton v. Holt, 180 U.S. 552, 567, 121 S.Ct. 474, 45 L.Ed. 663 (1901), the Court, after stating the general rule that striking evidence erroneously admitted ordinarily cures the error, went on to say on the authority of an earlier case: "But yet there may be instances where such a strong impression has been made upon the minds of the jury by illegal and im-

proper testimony, that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objection may avail on appeal or writ of error."

In our view the case at bar affords a clear instance of one of those exceptional cases.

At the close of the evidence the court below on the defendant's motion ordered 10 exhibits previously admitted conditionally stricken from the record altogether and 12 more stricken in part, many of those stricken in whole or in part being multiple, that is, consisting of several related items. Considering the nature of the exhibits (checks, vouchers, bills and the like), and the fact that the exhibits were read to the jury, some more than once, we cannot believe that the jurors could possibly have been able to distinguish in their own minds the exhibits they should disregard from those they should consider. Striking irrelevant evidence is not a universal cure-all. It will not do for counsel to pitch exhibits in by the forkful and cast the burden on the court on motion of opposing counsel to winnow the wheat from the chaff as was done by the prosecuting attorney in this case. And this is particularly so in tax fraud cases like this which at best are complicated and difficult enough for a jury to understand.

If the court had doubts when the challenged exhibits were offered in evidence whether the prosecuting attorney could make them relevant by subsequent testimony, as it indicated several times during the course of the trial, it might have admitted the exhibits conditionally but refused to let them be read to the jury until the exhibits were made competent by later evidence and then perhaps read to the jury by another witness, a procedure which the court said it would allow.

In view of the nature of the case, the length of the trial, the nature and number of the exhibits, and the fact that they were read to the jury, we think that the jury in its room could not possibly have been able to erase the irrelevant evidence from its collective mind. We think the jury could only have been in a state of mental confusion when it took the case, and the length of time it took to reach its verdict lends support to this belief. There must be a new trial.

We are not prepared to say that no jury under any circumstances can ever be kept at its deliberations until 3 o'clock in the morning. Much must be left to the discretion of the trial court. But we do frown upon the practice of keeping the jury at work until the small hours of the morning particularly when it reports that it is tired. It seems to us that any verdict returned at 3:07 in the morning after many hours of deliberation following a long trial is much more likely to be the product of mental and physical fatigue than of true deliberation. The better practice in our opinion would be at midnight or so, unless there were indications of a speedy verdict, or the jury expresses a wish to continue its deliberations, either to declare a mistrial or to direct the marshal to provide the jury with over-night accommodations and breakfast before it returned to its deliberations.

Other errors asserted by the appellant are not likely to arise at another trial and need not be considered.

The judgment of the District Court will be vacated, the verdict set aside and the case remanded to that court for a new trial or other appropriate disposition.