**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Lee JACKSON, Defendant-
Appellant.**

**No. 19170.**

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1969.

Edward B. Goodrich (Court Appointed), Grand Rapids, Mich., Mohney, Norris, Goodrich, Titta & Carpenter, Grand Rapids, Mich., on brief, for appellant.

Edward G. Sypniewski, Asst. U. S. Atty., Grand Rapids, Mich., for appellee.

Before WEICK, CELEBREZZE, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Arthur Lee Jackson was indicted on four counts of violation of federal alcohol tax laws. Count I charged him with transportation of non-tax-stamped distilled spirits, 26 U.S.C. § 5604(a) (1), and Counts II, III, and IV respectively charged him with possession of an unregistered still, possession of non-tax-stamped distilled spirits, and possession of fermenting mash in an illegal still. 26 U.S.C. §§ 5601(a) (1), 5604(a) (1), 5601 (a) (7).

The still was in a farmhouse at 756 Herricksville Road, Butler Township, Branch County, Michigan. Federal officers had observed appellant at that site on January 16 and 18, 1968, and at a supermarket where his companion had purchased a large amount of sugar on January 4. On January 18, federal and state officers stopped appellant as he was driving a 1961 Chevrolet away from the farmhouse. After appellant and a companion had stepped from the car, the officers asked whether they had a key to the trunk. When appellant said that he did not, the county sheriff pried open the back seat and extricated from the trunk a non-tax-stamped jug of whiskey. The officers then explicitly placed appellant and his companion under arrest. Later, at the sheriff's garage the officers forced open the Chevrolet's trunk. Among the items revealed by this search were sweepings containing sugar and coal fragments and eight one-gallon jugs of distilled spirits. A sample of the sweepings and one of the gallon jugs were introduced at trial as the Government's Exhibits 23 and 24. A search of appellant's person as he was being booked produced a key which, it was later discovered, opened a lock on one of the doors at the farmhouse at 756 Herricksville Road; this key was admitted as Exhibit 26 at appellant's trial.

After the arrest, federal officers obtained a search warrant[1] for the Herricksville Road premises, and, upon execution, found a still and large amounts of non-tax-paid distilled spirits and fermenting mash on the property.

---

1. The validity of this warrant is not challenged.

During the presentation of the Government's case at trial, appellant objected to the admission of testimony concerning the vehicle search and of Exhibits 23 and 24. Five of the Government's seven witnesses testified about the search, and approximately one-third of the Government's witnesses' direct testimony pertained to the challenged search and its products. At the close of the Government's case, the District Judge reversed his earlier ruling, held that the search was illegal, and advised the jury to disregard the exhibits seized and all evidence of the attendant circumstances. At the same time he dismissed Count I of the indictment. The Government does not challenge these rulings on appeal and therefore we do not consider their correctness.

The District Judge instructed the jury to "erase from your minds anything relating to the contents of the automobile at the time of the arrest" and not to be concerned about "anything from the time that the automobile left 756 Herricksville Road on January 18." Appellant did not question the form or content of this instruction. At the conclusion of the proofs, appellant moved for acquittal for insufficiency of evidence on Counts II, III and IV. The motion was denied and appellant was convicted on these counts.

Appellant argues on appeal that the evidence—apart from that excluded by the District Court—was insufficient to support a guilty verdict. Alternatively, he argues that the evidence admitted to prove Counts II, III, and IV was so weak, and the evidence first admitted and later suppressed was so strong, that there is a strong probability that the jury did not follow the District Court's instruction. Therefore, he contends, the admission of the evidence in question, though formally cured by instruction, was highly prejudicial and prevented a fair trial on Counts II, III, and IV. Since this latter argument was not addressed to the trial court, it requires us to consider whether the District Court's failure to declare a mistrial, *sua sponte,* at the time Count I was dismissed constitutes plain error.

■ We first inquire whether there was sufficient evidence to support the conviction. The crimes for which appellant was convicted require some degree of possession, custody, or control over the forbidden objects, and the law is clear that mere presence at an illicit still or in the vicinity of illegal distilled spirits or fermenting mash is not enough, by itself, to prove possession. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); McFarland v. United States, 273 F.2d 417, 419 (5th Cir. 1960).

■ Here the evidence of possession, dominion, and control, beyond mere presence, was not overwhelming. The Government established the existence of the still and of the illegal distilled spirits and fermenting mash on the Herricksville Road premises. Appellant was identified as driving a 1961 Chevrolet to a supermarket, assisting his passenger in carrying large amounts of sugar to the car, and placing the sugar in the trunk. A 1961 Chevrolet of identical color was seen driven by appellant several times at the still site. Appellant was seen entering the farmhouse more than once, including one occasion when no one else appeared to be present. There was testimony that he carried Coca Cola cartons (which are often used to transport illegal distilled spirits) from the farmhouse, placed them in the trunk of the Chevrolet, and drove away from the still site. We hold that the evidence of possession, albeit largely circumstantial, provides a factual basis from which the jury could have found appellant in actual or constructive possession of the still, the spirits, and the fermenting mash. McFarland v. United States, 273 F.2d 417, 419 (5th Cir. 1960).

Against this largely circumstantial evidence of possession, appellant offered

testimony that he had been hired by the owner of the farm to feed the pigs and that his presence there was for that purpose and for no other.

■ Accordingly, we consider appellant's second contention that the jury heard more than the lawfully received evidence offered by the Government, and much of what they heard was inadmissible. Appellant focuses on the crucial element of possession and claims that the stricken evidence was so overwhelming, and the other evidence so insubstantial, that the jury may well have been swayed by the inadmissible evidence. The Supreme Court long ago held that limiting instructions cannot always erase the effect on juror's minds of extensive damaging testimony. Throckmorton v. Holt, 180 U.S. 552, 21 S.Ct. 474, 45 L.Ed. 663 (1901). More recently the Court reaffirmed this principle when it stated:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.

Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968). *And see* Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); United States v. Parks, 411 F.2d 1171, (1st Cir. 1969).

We believe that this case presents such a situation. Like *Bruton* and *Burgett*,

this is a criminal case; it is the appellant who must pay the price if the jury has failed to follow its instructions. The limiting instruction came two days (and more than two hundred transcript pages) after the jury had first heard the later suppressed evidence. This afforded the opportunity to absorb it and to correlate it with the evidence lawfully admitted, although appellant raised the question of admissibility early in the trial. Cf. Throckmorton v. Holt, 180 U.S. 552, 567, 21 S.Ct. 474 (1901). Five of the seven Government witnesses testified about the illegal search and its products, and the specific items of evidence excluded from the jury's consideration were not fully enumerated in the District Court's limiting instruction.[2] The inadmissible testimony and exhibits were by far the most direct and probative evidence of the decisive elements of dominion and control; the rest was circumstantial and far from overwhelming.

On these facts, it seems to us that the cost of a new trial weighs less in the scales of justice than the possibility of an improperly obtained verdict of guilty. The risk that the jury might have taken into consideration the inadmissible testimony is too great to allow the conviction to stand. We hold that it was plain error not to have granted a mistrial on Counts II, III, and IV at the time Count I was dismissed.

Accordingly, the judgment of the District Court is vacated, and the case is remanded to the District Court for a new trial.

2. Although appellant does not raise the point, we believe that the instruction might not have made it clear to the jury whether they could consider the Government testimony that the key (Exhibit 26) taken from appellant's pocket on his arrest fit one of the locks on the Herricksville Road farmhouse. The instruction mentioned specifically only Exhibits 23 and 24. The key was the product of a search which followed the arrest, which was based on the search ruled illegal by the District Court. As such, it was in-

admissible; but the jurors may not have been able to follow the rather complex legal reasoning which declared it so. And even if they did, the mere process must have impressed all too heavily on their minds the existence of the evidence which they were, or ought to have been forbidden to consider. *Cf.* Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (1949) (Jackson, J., concurring); Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.).