**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herbert McCOY, Defendant-Appellant.**

**No. 74–2292.**

United States Court of Appeals, Sixth Circuit.

May 30, 1975.

Alva A. Hollon, Hollon & Hollon, Hazard, Ky., for defendant-appellant.

Eugene E. Siler, U. S. Atty., John M. Compton, James F. Cook, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before WEICK, McCREE and MILLER, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a jury conviction of possession of distilled spirits in violation of 26 U.S.C. § 5604(a)(1) (possession of moonshine whiskey).

On September 7, 1973, pursuant to the authority of a warrant issued to search for illegal beer, Kentucky State Police officers entered a structure containing a country store and a residence where appellant and his family lived. The building was located in Leslie County, Kentucky, which, by local option, is a "dry" county. During the search of the store, the officers found six one-half pint and four gallon bottles containing moonshine whiskey. Appellant was indicted by a federal grand jury for possession of these spirits.

At trial, the government witnesses testified about the search and seizure and the chemical properties of moonshine found in the store, but none of the witnesses testified that appellant had placed the moonshine there or that he exercised any control over it. Appellant took the stand in his own defense and testified that he and his family had lived in the residential portion of the structure for twelve or thirteen years, that he had been a coal miner until 1965, and that he had been paid "rock dust" compensation and was receiving "black lung" benefits. He denied any knowledge of the presence of the moonshine. The record also reveals that the owner and principal operator of the store was appellant's wife. The defense called to the stand Billy Wayne McCoy, appellant's 16 year old son. After commendable cautionary in-

structions by the district judge and his own court-appointed attorney that he had the right not to incriminate himself, he testified that he had found the moonshine on a truck bed in the hills and had carried the whiskey back to the store where he hid it among some Clorox bleach bottles.

The government, on rebuttal, called Jerry Lee Van Munsey who testified that he had seen appellant in possession of moonshine five or six times before the date of the search. The district judge instructed the jury that Van Munsey's testimony could only be used to impeach appellant's credibility and could not be considered as evidence tending to prove that appellant committed the crime.

Although appellant briefed two other issues on appeal, we believe the only serious issue presented is whether there was sufficient evidence that appellant possessed the moonshine whiskey to warrant submission of the case to the jury. Appellant preserved this question by making a motion for acquittal at the conclusion of the proofs.

As we have observed elsewhere, the crime for which appellant was convicted "require[s] some degree of possession, custody, or control over the forbidden objects, and the law is clear that mere presence . . . in the vicinity of illegal distilled spirits . . . is not enough, by itself, to prove possession." United States v. Jackson, 418 F.2d 786, 788 (6th Cir. 1969); see United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); McFarland v. United States, 273 F.2d 417, 419 (5th Cir. 1960).

In this case, the evidence adduced by the government proved no more than the fact of appellant's presence in the store at the time the search occurred and the whiskey was discovered. The testimony of the government's rebuttal witness, Jerry Lee Van Munsey, that he observed appellant possess and sell moonshine whiskey on several occasions was limited by the judge solely for the purpose of impeaching appellant's credibility.[1] Accordingly, we hold that since the evidence showed only that appellant was merely present in the store operated by his wife where moonshine whiskey was found, it was error not to have granted the motion for judgment of acquittal. Accordingly, the case is remanded to the district court for entry of judgment of acquittal.

Reversed and remanded.

---

1. The district attorney objected to the limitation that the district court placed on Van Munsey's testimony, and contended that it was "admissible for the purpose of showing knowledge [or] intent . . . ." Although knowledge that the substance seized was moonshine is an element of the offense charged here, the fact that appellant knew moonshine from having sold it in the past, cannot be the basis for an inference of present possession.