UNITED STATES *v.* ROMANO ET AL.

No. 2.   Argued October 14, 1965.—Decided November 22, 1965.

*Louis F. Claiborne* argued the cause for the United States. On the brief were *Acting Solicitor General Spritzer, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Jerome M. Feit.*

*W. Paul Flynn* argued the cause and filed a brief for respondents.

Mr. Justice White delivered the opinion of the Court.

Federal officers, armed with a search warrant, entered one of the buildings in an industrial complex in Jewett City, Connecticut. There they found respondents standing a few feet from an operating still. Respondents[1] were indicted on three counts: Count 1 charged possession, custody and control of an illegal still in violation of 26 U. S. C. § 5601 (a)(1);[2] Count 2, the illegal production of distilled spirits in violation of 26 U. S. C. § 5601 (a)(8);[3] and Count 3, a conspiracy to produce distilled spirits. Both respondents were convicted on all three counts, both were fined on Count 1 and both sentenced to concurrent terms of imprisonment on each of the three counts.

The Court of Appeals affirmed the convictions on Count 3. 330 F. 2d 566. It reversed the convictions on Counts 1 and 2 because the trial court in instructing the jury read verbatim provisions of § 5601 (b)(1)[4] and

---

[1] Respondents were indicted with two others whose convictions are not in issue here.

[2] Section 5601 (a)(1) provides that any person who "has in his possession or custody, or under his control, any still or distilling apparatus set up which is not registered, as required by section 5179 (a) . . . shall be fined not more than $10,000, or imprisoned not more than 5 years, or both . . . ."

[3] Section 5601 (a)(8) provides that any person who, "not being a distiller authorized by law to produce distilled spirits, produces distilled spirits by distillation or any other process from any mash, wort, wash, or other material . . . shall be fined not more than $10,000, or imprisoned not more than 5 years, or both . . . ."

[4] Section 5601 (b)(1) of 26 U. S. C. provides: "Whenever on trial for violation of subsection (a)(1) the defendant is shown to have been at the site or place where, and at the time when, a still or distilling apparatus was set up without having been registered, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."

§ 5601 (b)(4),[5] which provide in part that the presence of the defendant at the site of an illegal still "shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury . . . ." This instruction and the statutory inference which it embodied were held by the Court of Appeals to violate the Due Process Clause of the Fifth Amendment. We granted certiorari to consider this constitutional issue. 380 U. S. 941.

We agree as to the invalidity of § 5601 (b)(1) and the reversal of the convictions on Count 1. It is unnecessary, however, to consider the validity of § 5601 (b)(4) and the convictions on Count 2 since the sentences on that count were concurrent with the sentences, not here challenged, which were imposed on Count 3. *United States* v. *Gainey,* 380 U. S. 63, 65; *Sinclair* v. *United States,* 279 U. S. 263, 299.

If we were reviewing only the sufficiency of the evidence to support the verdict on Count 1, that conviction would be sustained. There was, as the Court of Appeals recognized, ample evidence in addition to presence at the still to support the charge of possession of an illegal still. But here, in addition to a standard instruction on reasonable doubt, the jury was told that the defendants' presence at the still "shall be deemed sufficient evidence to authorize conviction." This latter instruction may have been given considerable weight by the jury; the jury may have disbelieved or disregarded the other evidence of possession and convicted these defendants on

---

[5] Section 5601 (b)(4) of 26 U. S. C. provides: "Whenever on trial for violation of subsection (a)(8) the defendant is shown to have been at the site or place where, and at the time when, such distilled spirits were produced by distillation or any other process from mash, wort, wash, or other material, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."

the evidence of presence alone. We thus agree with the Court of Appeals that the validity of the statutory inference in the disputed instruction must be faced and decided.

The test to be applied to the kind of statutory inference involved in this criminal case is not in dispute. In *Tot* v. *United States*, 319 U. S. 463, the Court, relying on a line of cases dating from 1910,[6] reaffirmed the limits which the Fifth and Fourteenth Amendments place "upon the power of Congress or that of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated." *Id.*, at 467. Such a legislative determination would not be sustained if there was "no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. . . . [W]here the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the legislature to create it as a rule governing the procedure of courts." *Id.*, at 467–468. Judged by this standard, the statutory presumption in issue there was found constitutionally infirm.

Just last Term, in *United States* v. *Gainey*, 380 U. S. 63, the Court passed upon the validity of a companion section to § 5601 (b)(1) of the Internal Revenue Code. The constitutionality of the legislation was held to depend upon the "rationality of the connection 'between the facts proved and the ultimate fact presumed.' " 380 U. S., at 66. Tested by this rule, the Court sustained the provision of 26 U. S. C. § 5601 (b)(2) declaring pres-

---

[6] *Mobile, J. & K. C. R. Co.* v. *Turnipseed*, 219 U. S. 35; *Bailey* v. *Alabama*, 219 U. S. 219; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61; *McFarland* v. *American Sugar Rfg. Co.*, 241 U. S. 79; *Manley* v. *Georgia*, 279 U. S. 1; *Western & Atlantic R. Co.* v. *Henderson*, 279 U. S. 639; *Morrison* v. *California*, 291 U. S. 82.

ence at a still to be sufficient evidence to authorize conviction under 26 U. S. C. § 5601 (a)(4) for carrying on the business of the distillery without giving the required bond. Noting that almost anyone at the site of a secret still could reasonably be said to be carrying on the business or aiding and abetting it and that Congress had accorded the evidence of presence only its "natural probative force," the Court sustained the presumption.

This case is markedly different from *Gainey, supra.* Congress has chosen in the relevant provisions of the Internal Revenue Code to focus upon various phases and aspects of the distilling business and to make each of them a separate crime. Count 1 of this indictment charges "possession, custody and . . . control" of an illegal still as a separate, distinct offense. Section 5601 (a)(1) obviously has a much narrower coverage than has § 5601 (a)(4) with its sweeping prohibition of carrying on a distilling business.

In *Bozza* v. *United States,* 330 U. S. 160, the Court squarely held, and the United States conceded, that presence alone was insufficient evidence to convict of the specific offense proscribed by § 5601 (a)(1), absent some evidence that the defendant engaged in conduct directly related to the crime of possession, custody or control. That offense was confined to those who had "custody or possession" of the still or acted in some "other capacity calculated to facilitate the custody or possession, such as, for illustration, service as a caretaker, watchman, lookout or in some other capacity." *Id.,* at 164. This requirement was not satisfied in the *Bozza* case either by the evidence showing participation in the distilling operations or by the fact that the defendant helped to carry the finished product to delivery vehicles. These facts, and certainly mere presence at the still, were insufficient proof that "petitioner ever exercised, or aided the exercise of, any control over the distillery." *Ibid.*

Presence at an operating still is sufficient evidence to prove the charge of "carrying on" because anyone present at the site is very probably connected with the illegal enterprise. Whatever his job may be, he is at the very least aiding and abetting the substantive crime of carrying on the illegal distilling business. Section 5601 (a)(1), however, proscribes possession, custody or control. This is only one of the various aspects of the total undertaking, many of which have nothing at all to do with possession, as *Bozza* made quite clear and as the United States conceded in that case. Presence tells us only that the defendant was there and very likely played a part in the illicit scheme. But presence tells us nothing about what the defendant's specific function was and carries no legitimate, rational or reasonable inference that he was engaged in one of the specialized functions connected with possession, rather than in one of the supply, delivery or operational activities having nothing to do with possession. Presence is relevant and admissible evidence in a trial on a possession charge; but absent some showing of the defendant's function at the still, its connection with possession is too tenuous to permit a reasonable inference of guilt—"the inference of the one from proof of the other is arbitrary . . . ." *Tot* v. *United States,* 319 U. S. 463, 467.

The United States has presented no cases in the courts which have sustained a conviction for possession based solely on the evidence of presence. All of the cases which deal with this issue and with which we are familiar have held presence alone, unilluminated by other facts, to be insufficient proof of possession.[7] Moreover, the

---

[7] *E. g., Pugliese* v. *United States,* 343 F. 2d 837 (C. A. 1st Cir., 1965); *Barrett* v. *United States,* 322 F. 2d 292 (C. A. 5th Cir., 1963), rev'd on other grounds, *sub nom. United States* v. *Gainey,* 380 U. S. 63; *McFarland* v. *United States,* 273 F. 2d 417 (C. A. 5th Cir., 1960) (dictum); *Vick* v. *United States,* 216 F. 2d 228 (C. A.

Government apparently concedes in this case that except for the circumstances surrounding the adoption of the 1958 amendments to the Internal Revenue Code, which added the presumptions relating to illegal distilling operations, the crime of possession could not validly be inferred from mere presence at the still site.[8]

According to the Government, however, the 1958 amendments were, among other things, designed to overrule *Bozza* and must be viewed as broadening the substantive crime of possession to include all those present at a set-up still who have any connection with the illicit enterprise.[9]   So broadened, it is argued, the substantive

5th Cir., 1954); *United States* v. *De Vito,* 68 F. 2d 837 (C. A. 2d Cir., 1934); *Graceffo* v. *United States,* 46 F. 2d 852 (C. A. 3d Cir., 1931).

[8] Brief for petitioner, p. 14.   See also brief for petitioner, p. 33, *United States* v. *Gainey,* 380 U. S. 63; *Bozza* v. *United States,* 330 U. S. 160, 164.

[9] The relevant Senate and House Reports discussing the presumptions added by § 5601 (b) are in identical language, which was borrowed from an analysis prepared by the Alcohol and Tobacco Tax Division of the Internal Revenue Service (see Hearings before a Subcommittee of the House Committee on Ways and Means on Excise Tax Technical and Administrative Problems, Part I, 84th Cong., 1st Sess., p. 208):

"These paragraphs are new.   Their purpose is to create a rebuttable presumption of guilt in the case of a person who is found at illicit distilling or rectifying premises, but who, because of the practical impossibility of proving his actual participation in the illegal activities except by inference drawn from his presence when the illegal acts were committed, cannot be convicted under the ruling of the Supreme Court in *Bozza* v. *United States* (330 U. S. 160).

"The prevention of the illicit production or rectification of alcoholic spirits, and the consequent defrauding of the United States of tax, has long been rendered more difficult by the failure to obtain a conviction of a person discovered at the site of illicit distilling or rectifying premises, but who was not, at the time of such discovery, engaged in doing any specific act.

"In the Bozza case, the Supreme Court took the position that to sustain conviction, the testimony 'must point directly to conduct within the narrow margins which the statute alone defines.'   These

crime of "possessing," under the teachings of *Gainey*, could be acceptably proved by showing presence alone.

We are not persuaded by this argument, primarily because the amendments did not change a word of § 5601 (a)(1), which defines the substantive crime. Possession, custody or control remains the crime which the Government must prove. The amendments, insofar as relevant here, simply added § 5601 (b)(1) and permitted an inference of possession from the fact of presence. Moreover, the inference was not irrebuttable. It was allowable only if the defendant failed to explain his presence to the satisfaction of the jury. Plainly, it seems to us, the defendant would be exonerated if he satisfactorily explained or the circumstances showed that his function at the still was not in furtherance of the specific crime of possession, custody or control. If a defendant is charged with possession and it is unmistakably shown that delivery, for example, was his sole duty, it would seem very odd under the present formulation of the Code to hold that his explanation had merely proved his guilt of "possessing" by showing some connection with the illegal business.

The Government's position would equate "possessing" with "carrying on." We are not convinced that the amendments to the Code included in the Excise Tax Technical Changes Act of 1958 were intended to work any such substantive change in the basic scheme of the Act, which was, in the words of the Government's brief in this Court, "to make criminal every meaningful form of participation in, or assistance to, the operation of an illegal still by an elaborate pattern of partially redundant provisions—some specific and some general—designed to close all loopholes." Possession, custody or control was

---

new provisions are designed to avoid the effect of that holding as to future violations." S. Rep. No. 2090, 85th Cong., 2d Sess., pp. 188–189; H. R. Rep. No. 481, 85th Cong., 1st Sess., p. 175.

one of the specific crimes defined in the Code and we do not think that the 1958 amendments worked any change in this regard.[10] On the legislative record before us, we reject the Government's expansive reading of the 1958 amendments.

Congress may have intended by the 1958 amendments to avoid the *Bozza* case. But it chose to do so, not by changing the definition of the substantive crime, but by declaring presence to be sufficient evidence to prove the crime of possession beyond reasonable doubt. This approach obviously fails under the standards traditionally applied to such legislation. It may be, of course, that Congress has the power to make presence at an illegal still a punishable crime, but we find no clear indication that it intended to so exercise this power.[11] The crime remains possession, not presence, and, with all due deference to the judgment of Congress, the former may not constitutionally be inferred from the latter. *Affirmed.*

MR. JUSTICE BLACK concurs in the reversal of these convictions for the reasons stated in his dissent against affirmance of the conviction in *United States* v. *Gainey*, 380 U. S. 63, 74.

MR. JUSTICE DOUGLAS concurs in the result for the reasons stated in his opinion in *United States* v. *Gainey*, 380 U. S. 63, 71.

MR. JUSTICE FORTAS concurs in the result.

---

[10] In reference to the re-enactment of § 5601 (a) (1), the provision that defines the substantive offense, the Reports merely say, "This paragraph is a restatement of existing law. . . ." S. Rep. No. 2090, 85th Cong., 2d Sess., p. 186; H. R. Rep. No. 481, 85th Cong., 1st Sess., p. 173.

[11] The Government advanced a somewhat similar contention in *Tot*. It was rejected, partly on the ground that it was not supported by legislative history. *Tot* v. *United States*, 319 U. S. 463, 472. Cf. *United States* v. *Universal C. I. T. Credit Corp.*, 344 U. S. 218.