**Joseph L. TRAVERS, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6687.**

United States Court of Appeals First Circuit.

Heard May 4, 1966.

Decided June 3, 1966.

Edgar L. Kelley, Boston, Mass., with whom Walter J. Hurley, Boston, Mass., was on brief, for appellant.

John Paul Sullivan, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Defendant was indicted and convicted for having paid, as an officer of a subcontractor, a fee or gratuity to a purchasing agent of a prime contractor as an inducement for, or acknowledgement of, subcontract awards on work for the federal government. The relevant statute is the Anti-Kickback Act, 41 U.S.C. §§ 51–54.[1]

Defendant's sole contention is that Section 51 "is on its face unconstitutional in that it purports to create a federal crime predicated upon an irrebuttable presumption [of loss to the government], with no rational connection in common experience between the fact proved and the ultimate fact conclusively presumed." His basic argument is that such a connection did exist under the original version of Section 51 (60 Stat. 37) as enacted in 1946, which applied only to cost-plus-a-fixed-fee or cost reimbursable contracts. Under this version, there was a logical linkage between kickbacks and inflated costs to the government. But with the substitution in 1960 (Pub.L. 86–695) of the word "negotiated" for the

---

1. The Act, as it relates to this case, may be broadly summarized as follows:

Section 51 prohibits payment of any gratuity on behalf of a subcontractor to an agent of a contractor "holding a negotiated contract" with a United States agency. It prohibits including such a gratuity in the subcontractor's price and sets forth remedies of setoff, court action, and withholding from sums otherwise due the subcontractor. It also specifies: "Upon a showing that a subcontractor paid fees, commissions, or compensation or granted gifts or gratuities to an officer, partner, employee, or agent of a prime contractor or of another higher tier subcontractor, in connection with the award of a subcontract or order thereunder, it shall be conclusively presumed that the cost of such expense was included in the price of the subcontract or order and ultimately borne by the United States."

Section 52 consists of definitions of terms. "Negotiated contract" is defined to mean "made without formal advertising".

Section 53 gives the General Accounting Office power to audit books of contractors and subcontractors.

Section 54 states: "Any person who shall knowingly, directly or indirectly, make or receive any such prohibited payment shall be fined not more than $10,-000 or be imprisoned for not more than two years, or both."

"cost-plus-a-fixed-fee" and "other cost reimbursable basis" language, argues defendant, there is no longer any reasonable inference that a kickback is ultimately borne by the government. Tot v. United States, 1943, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, and United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210, both involving rebuttable presumptions in criminal cases, are cited as authority for the supposed flaw in this case.

 We do not reach the question of the validity of the conclusive presumption, because it seems clear to us that Section 51 is solely concerned with civil remedies. Section 54, a criminal statute, by referring to "such prohibited payment", merely incorporates the definitions of proscribed kickbacks and no other provisions. As we have pointed out elsewhere, this crime of bribery stands by itself and does not depend on subsequent actions. Specifically, it is not necessary that the government be financially harmed. Howard v. United States, 1 Cir., 1965, 345 F.2d 126, 128, cert. denied, 382 U.S. 838, 86 S.Ct. 86, 15 L.Ed.2d 80. Not only does a reading of 41 U.S.C. §§ 51–54 indicate a clear distinction between civil and criminal sanctions, but both legislative history and subsequent interpretation confirm such a reading.

In supplying requested comments on the proposed 1960 amendment to the House Committee on Government Operations, the Acting Deputy Attorney General recognized that the question of rational connection between the presumption and a kickback could be raised if fixed-price contracts were brought within the reach of the statute. That this question relates only to civil actions was made clear by the context of the letter, for the paragraph containing the above observation begins with this sentence: "The keystone of the civil liability created by the statute is the 'conclusive presumption' that any such payment was included in the price of the subcontract and was ultimately borne by the United States." U.S.Code Cong. & Ad. News, 86th Cong.2d Sess., 1960, p. 3304.[2] This letter was specifically referred to in the House Report on the 1960 amendments. Id. at 3293.

Moreover, as long ago as 1955, the court in United States v. Davio, E.D. Mich.1955, 136 F.Supp. 423, 429 stated: "Section 1 of the Anti-Kickback Act, which is the only section under consideration, is civil in nature \* \* \*."

 The district judge was careful to avoid any reference to the presumption in his charge, which defendant's counsel commended. Defendant asserts, without any substantiation, the possibility of prejudice by reason of an improper consideration of the presumption by the grand jury. Indictments are not so easily to be impeached by conjecture.

Affirmed.

---

**2.** While counsel for defendant saw fit to include the first point of the Department of Justice letter in his brief, he chose to ignore the language last quoted. Counsel for the government did not repair the defect.