**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steve REEVES, Defendant-Appellant.**

**No. 17258.**

United States Court of Appeals
Sixth Circuit.

May 25, 1967.

Lowell W. Lundy, Pineville, Ky., for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before EDWARDS and McCREE, Circuit Judges, and WEINMAN,* District Judge.

PER CURIAM.

In a jury trial in the United States District Court for the Eastern District of Kentucky, appellant was convicted on one count of a three-count indictment for having a still under his possession and control, in violation of the Internal Reve-

* Honorable Carl A. Weinman, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

nue Code of 1954, § 5179(a). Federal officers connected with the Alcohol Tax Division arrested appellant when he was approaching the site where an unregistered still was located.

Appellant's principal argument on appeal is that nothing more than mere presence was shown, and that he is entitled to reversal of his conviction under United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).

██ The facts here, however, show a good deal more than mere presence. This still was on property owned by the defendant. He was walking toward the still when he was arrested with a gunnysack over his shoulder in which sugar and mash meal were found. There is testimony that he subsequently admitted previous visits to the still and previous "runs" of the still. There is testimony also that the still at the time was ready to operate. In addition to the above, the defendant had a gun which he pulled as the officers approached him and only holstered when he was told that he was covered from behind. The officers who made the arrest had had the still under surveillance. We believe the arrest was legal, and the proofs were sufficient for purposes of the count on which appellant was convicted. McFarland v. United States, 273 F.2d 417 (C.A.5, 1960).

█ At oral argument of this case, the court was inclined to think that appellant's second issue claiming a coerced confession might have more possible merit. However, on reading the transcript of the trial, it appears that defendant himself testified and admitted that he had received constitutional warnings prior to his being questioned about the still. His testimony, in fact, was that he never made the incriminating statements at all. This then clearly became a claim not that a confession was coerced, but that in fact it wasn't made. The government agent's testimony about the incriminating statements was positive and detailed. This was a question of fact for the jury which was properly submitted to them.

Affirmed.