**Jack Albert SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25498.**

United States Court of Appeals Fifth Circuit.

Nov. 20, 1968.

Mayer W. Perloff, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, RIVES and McENTEE,[*] Circuit Judges.

PER CURIAM:

Defendant appeals from his conviction in two counts of aiding and abetting in Dyer Act violations, the interstate transportation of automobiles known to be stolen. 18 U.S.C. §§ 2, 2312. The government's case consisted chiefly of testimony by an F.B.I. agent who gave an account of defendant's oral confession [1] and testimony by Fairchild, the proprietor of the lot where the stolen cars were taken to be sold.

It appears from the evidence that the defendant, in his own automobile, drove his brother-in-law, a man named Harvey, and two girls to a car lot in Fort Lauderdale, Florida. Harvey stole an automobile and the group then proceeded in caravan to Mobile, Alabama. Sometime after arriving in Mobile, the group went to Fairchild's car lot in order to dispose of the automobile. According to Fairchild the defendant took an active part in negotiations for the sale of the car and according to the F.B.I. agent, the defendant admitted receiving $100 from Fairchild.[2]

Thereafter the group drove to New Orleans and Harvey stole another car while the defendant waited in his car nearby. Once again they proceeded to Mobile in caravan with the defendant driving his own car. An attempt was made to sell this car also to Fairchild. In the meanwhile Fairchild had become suspicious, contacted the F.B.I. and the arrest of defendant and Harvey followed shortly thereafter.[3]

While defendant moved for a judgment of acquittal at the end of the government's case, he did not renew his motion at the close of all the evidence. This operates as a waiver of the motion and accordingly the only question properly before us is whether there has been a manifest miscarriage of justice. Meeks v. United States, 5 Cir. 1958, 298 F.2d 204. We need not rest our decision on this somewhat technical consideration, however, because it is clear that there was ample evidence to justify submitting the case to the jury.

Defendant makes much of the fact that he did not physically steal the car but this is irrelevant because he was convicted of aiding and abetting. 18 U.S.C. § 2. It is clear that he did aid and abet and was not, as he claims, a mere "witness." See Nye & Nissen v. United States, 1949, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919. At the least, as the government points out, he served as a lookout and potential get-away for Harvey. In addition, the jury could reasonably conclude that he participated in the negotiations with Fairchild especially in

---

[*] From the First Circuit, sitting by designation.

[1] It is undisputed that defendant was fully warned of his rights and that the statement was properly received in evidence.

2. Both defendant and Fairchild, however, denied that any money passed between them.

3. Harvey, a minor, pleaded guilty and was not involved in the present case.

regard to the first automobile. Finally, any idea that the defendant was unaware of what was going on, tenuous even as to the first theft, is entirely implausible as to the second.[4]

Affirmed.

---

4. Because defendant was sentenced to concurrent terms it is sufficient if conviction under either of the counts can be sustained. United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210.