**Louis ZEMLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23857.**

United States Court of Appeals, Ninth Circuit.

March 19, 1970.

Rehearing Denied April 23, 1970.

Stanley W. Greenfield (argued), of Ca-pozzi, Greenfield & Minsky, Charles Caputo, Pittsburgh, Pa., Foley, Garner & Shoemaker, Las Vegas, Nev., for appellant.

William P. Cashill (argued), Asst. U. S. Atty., Bart M. Schouweiler, U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES, HUFSTEDLER and and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted on three counts of transporting, forging and possessing American Express Travelers' Checks which had been either stolen, or forged, or stolen from foreign freight. 18 U.S.C. §§ 659, 2314. Sentence was seven years on each count, to be served concurrently.

Appellant has not appealed from his conviction on Count III. We are therefore not required to decide the issues raised as to Counts I and II, and we conclude we will not do so. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929); United States v. Romano, 382 U.S. 136, 138, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Duran v. United States, 413 F.2d 596 (9th Cir.), cert. denied, 396 U.S. 917, 90 S.Ct. 239, 24 L.Ed.2d 195 (1969); Banzer v. United States, 367 F.2d 865 (9th Cir. 1966), cert. denied, 385 U.S. 1009, 87 S.Ct. 715, 17 L.Ed.2d 546 (1967); Wilson v. United States, 316 F.2d 212 (9th Cir. 1963), cert. denied, 377 U.S. 960, 84 S.Ct. 1631, 12 L.Ed. 2d 503 (1964).

We affirm.

ORDER

Counsel for appellant files an untimely petition for rehearing, and a supporting affidavit, which, if accurate, indicates he made no effort between March 23, 1970 and April 9, 1970 to obtain an extension of time permitted by Rule 41(a), which he now also seeks by motion.

Nevertheless, we order the petition and order filed.

While appellant specified in his notice of appeal that he appealed from the conviction on Count III, 18 U.S.C. § 659 (*possession* of goods and chattels stolen from foreign commerce), he did not brief or argue Count III on appeal.

Appellant's brief on appeal raised four arguments. The first related to Exhibits 15 and 16 and Count I only; the second to the weight of the identification of defendant by witness Akin *only*; the third, a line-up identification problem relating to both the witness Latham and Akin—and Exhibits 6 and 13, without relation to Count III; and the fourth, Exhibits 6 and 13, relating to similar cashing of Express checks not charged as criminal acts in the indictment.

The first point disregarded testimony of other identification witnesses (such as Schriber, R.T. 66).

No issue was raised with regard to any proof of *possession* of Exhibit 11, or to the other testimony (a) that certain numbered traveler's checks were stolen in the State of New York (testimony of Mulhearn and Shea); (b) passed or attempted to be passed in Nevada (Ex. 7, T.R. 805); and (c) that the appellant had certain of the numbered checks stolen from foreign commerce in New York in his personal *possession* in Las Vegas (Ex. 7, Tr. 70–82), as well as having possession of others seized pursuant to a search (made after issuance of a search warrant, Exs. 9, 10) of the defendant's hotel room, which consisted of forty books of the stolen traveler's checks (Plaintiff's Ex. 11). Thus it is clear that the appellant was guilty of Count III, which perhaps explains why an appeal was technically taken from the conviction on Count III, but never

raised or mentioned in the appellant's brief nor during oral argument.

The petition for rehearing is denied.

The motion to stay mandate pending petition for certiorari will be granted in the usual separate form of order.