434 F.2d 1024
 UNITED STATES of America, Plaintiff-Appellee,
v.
James NEWSOME, Defendant-Appellant.
 No. 29775 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 23, 1970.
 
 Floyd M. Buford, Macon, Ga. (Court-appointed), for defendant-appellant.
 William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 After waiving trial by jury, James Newsome was convicted under a three count indictment of possession of an unregistered still and distilling apparatus, 26 U.S.C. §§ 5179(a) and 5601(a); of carrying on the business of a distiller without bond, 26 U.S.C. §§ 5173 and 5601(a); and of carrying on the business of a distiller with intent to defraud the United States of taxes, 26 U.S.C. § 5602. In this appeal Newsome contends that his arrest was illegal for lack of probable cause and therefore the trial court erroneously denied the motion to suppress certain incriminating statements made after the arrest. We disagree and affirm the conviction.
 
 
 2
 On November 23, 1969, Investigator Robert L. Powell of the Alcohol, Tobacco and Firearms Division of the Treasury Department received information from a confidential informer that appellant, a man previously known to Powell as a dealer in illegal liquor, was again operating a moonshine whiskey still on land belonging to Woodrow Wilson Gray. After locating the still and discovering that it contained fresh mash in the process of fermentation, Powell along with several other government investigators[1] spent the night in the woods near the still. The next morning Agent Huff observed appellant cautiously approaching the still site by taking a few steps at a time and then looking into the bushes. When appellant came within approximately 25 yards of the still and sighted Investigator O'Day he turned around slowly and ran from the scene. Huff and O'Day gave chase and apprehended appellant and placed him under arrest. A document published by the Treasury Department was read to appellant advising him of his constitutional right to remain silent and consult an attorney.[2] Appellant later signed a statement in which he admitted operating an illegal distillery.
 
 
 3
 According to appellant, the government investigators did not have probable cause to make an arrest for possession of an unregistered distillery because prior to his apprehension appellant was merely walking in the general area of the still and had not exercised any rights of management or control over the property in question. However, whether appellant's conduct was such as to give rise to probable cause for an arrest on possession is of little consequence in view of the dual nature of the offenses for which he was arrested. As this circuit recently pointed out in United States v. Brookins, 5 Cir., 1970, 434 F.2d 41, the crime of possessing an unregistered still proscribed by subsection (a) (1) of Title 26, Section 5601, U.S.C., and the crime of carrying on the business of a distiller prohibited by subsection (a) (4) of the same section, 5601, appear closely related but are actually different in an important respect. Possession of an unregistered still may not be presumed from the accused's unexplained presence at the location of the distillery;[3] whereas, the offense of carrying on an illegal distillery business may be inferred from such presence.[4]
 
 
 4
 What this distinction means in the instant case is that, regardless of whether the government had probable cause to arrest appellant for possession of the distillery, there were sufficient circumstances to justify an arrest for the separate offense of engaging in the business of a distiller. United States v. Brookins, supra. Investigator Powell was aware of appellant's previous involvement with the illegal whiskey business; the investigation revealed a distillery in recent operation; an informer had named appellant as the still operator; and appellant was observed directly approaching the still. Had appellant reached the still, his unexplained presence there would have justified a conviction for carrying on the business of a distiller. Certainly the government investigators could assume that appellant intended to be present at the still site for some reason connected with the operation of the still and thereby effect a legal arrest.
 
 
 5
 Since we find that there was probable cause to make an arrest for the crime of carrying on the business of a distiller, the arrest was not illegal and the evidence resulting therefrom was admissible. The judgment of the district court is therefore
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Besides Powell, Federal Investigators O'Day, Braxton, and Higgenbothen and State Agent Huff assumed positions surrounding the still preparatory to the anticipated raid
 
 
 [2]
 The specific publication read to appellant was Treasury Document 5661 which, as appellant does not dispute, adequately complies with the guide lines set forth by the Supreme Court in Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
 
 
 [3]
 United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210
 
 
 [4]
 United States v. Gainey, 1964, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658