**UNITED STATES of America, Plaintiff,**

**v.**

**Homer Henry WHITLOCK, Defendant.**

**Crim. A. No. 7180.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 18, 1971.

---

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

James T. Bowman, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Whitlock was convicted by a jury of the unlawful possession, custody or control of an illicit distillery, 26 U.S.C. §§ 5179, 5601(a) (1); carrying on the business of a distiller without having given the required bond, 26 U.S.C. §§ 5173, 5601(a) (4); working in an unposted distillery, 26 U.S.C. §§ 5180(a), 5681(c); and of the unlawful possession of taxunpaid whiskey, 26 U.S.C. §§ 5205(a) (2), 5604(a) (1). He has moved for entry of a judgment of acquittal or, in the alternative, for a new trial, Rules 29(c), 33, Federal Rules of Criminal Procedure, on grounds of the insufficiency of the evidence and the overruling of his motion for entry of a judgment of acquittal as to counts one, two and five of the indictment at the end of all the evidence.

There is no merit to either motion. There was sufficient evidence to create jury questions and to support the guilty verdicts resulting from such submission. The defendant and one unidentified person were present at an operating illicit distillery which was set-up on the respective banks of a shallow creek. There was black soot on the two still-pots, which were connected by a line extending from the pot on one side of the creek to the pot on the other side thereof. Government revenue agents could hear the noise of the burners under the still-pots and male voices from their vantage points while the distillery was under surveillance. The agents were discovered by dogs which barked. One of the persons within the distillery site stated: " * * * I am going up here and see what those dogs are barking at [sic]. * * * " The defendant, in this process, espied one of the surveilling agents and fled from the scene. After his apprehension, it was noted that Mr. Whitlock had black soot on his hands and clothing, and that his trousers were wet up to the knees. Whiskey was running from the spout on the condenser in the distillery.

Viewing this evidence and the reasonable inferences drawable therefrom most favorably to the prosecution, the Court concluded that a reasonable mind might determine the guilt of the defendant beyond a reasonable doubt and on that basis properly submitted the issues to the jury. United States v. Gaines, C.A. 6th (1965), 353 F.2d 276, 278 [7–8]. Although the evidence from which the jury inferred Mr. Whitlock's possession of this distillery and the whiskey and his working at the distillery was circumstantial, it was for the jury to use its experience with people

and events to ascertain if the guilt of Mr. Whitlock had been proven beyond a reasonable doubt. See Holland v. United States (1954), 348 U.S. 121, 140, 75 S. Ct. 127, 99 L.Ed. 150, 167. While the Court is in agreement with defense counsel that Mr. Whitlock's unexplained presence at site of this illicit distillery, standing alone, is insufficient evidence to authorize his conviction under 26 U. S.C. § 5601(a) (1), United States v. Romano (1965), 382 U.S. 136, 138–139, 86 S.Ct. 279, 15 L.Ed.2d 210, 212 [1], as indicated earlier, his conviction under the first count does not stand "alone" on his unexplained presence at the distillery site.

Accordingly, the motions hereby are

Denied.