**UNITED STATES of America,**
**Plaintiff,**

v.

**Lenna Christine HARRIS et al.,**
**Defendants.**

**No. 71–155.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

July 1, 1971.

William R. Burkett, U. S. Atty., Jerry Cord Wilson, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Thad Klutts, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

■ Upon consideration of the Motion to Dismiss filed herein by the Defendant Lenna Christine Harris and the response thereto of the Plaintiff and the briefs of the parties, the Court finds that the Motion to Dismiss should .be overruled. The Motion of said Defendant is partially based on her being the wife of her Co-Defendant at the time of the alleged offense and a presumption of coercion by her husband with reference to said offense. If said presumption applies in Federal Courts, which is doubted, it is clearly rebuttable and will not, therefore, support dismissal of the charge against her. Kivette v. United States, 230 F.2d 749 (Fifth Cir. 1956) cert. den. 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418; United States v. Swierzbenski, 18 F.2d 685 (W.D.N.Y.1927); Dawson v. United States, 10 F.2d 106 (Ninth Cir. 1926); Conyer v. United States, 80 F.2d 292 (Sixth Cir. 1935); 20 Am.Jur., Evidence, § 215 at page 214; Wigmore on Evidence, Vol. IX § 2514 at page 425.

■ As to said Defendant's further claim that no intent existed on her part to commit the offense alleged in this case, such is a question of fact and will not therefore support dismissal of the case as to her. United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); United States v. Romano, 330 F.2d 566 (Second Cir. 1964) affirmed 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).

It is therefore ordered that the Motion to Dismiss of the Defendant Lenna Christine Harris is overruled this 1 day of July, 1971.