**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Herbert WEAVER, Defendant-
Appellant.**

**No. 72-3744
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 25, 1973.

Edward F. McDowell, court-appointed, Starkville, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Alfred E. Moreton, III, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Weaver appeals from his conviction for the offenses charged in three counts of a four count indictment involving "moonshine" violations of Title 26 U.S. C. Sec. 5601,[1] and a consequent confinement sentence of nine months as to Count One, to be followed by three years concurrent probation as to Counts Two and Four.

The first question raised on appeal is the propriety of the court's jury charge of the permissible inference to be drawn from presence at an unlawful distillery in connection with the charge

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. The convictions were under Count One, for possession of an unregistered distillery, 26 U.S.C. Sec. 5601(a)(1), Count Two for carrying on the business of a distiller without having given bond, 26

U.S.C. Sec. 5601(a)(4), and Count Four, wilful and knowing production of 6 gallons of distilled spirits, not being an authorized distiller. The jury acquitted Weaver as to Count Three, which charged him with making and fermenting 200 gallons of mash fit for distillation and production of distilled spirits, 26 U.S.C. Sec. 5601(a)(7).

under Count Two of the indictment, carrying on the business of a distiller without having given bond, as prohibited by Title 5601(a)(4). The charge was couched in terms that were unexceptionable. United States v. Gainey, 1965, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658; United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210.

The instruction carefully refrained from allowing an inference from presence at the still to be applied to the possession count under Title 26 U.S.C. Sec. 5601(a)(1), in obedience to the holding of *Romano* that "absent some showing of the defendant's function at the still", the connection of presence "with possession is too tenuous to permit a reasonable inference of guilt" and that "presence alone unilluminated by other facts [is] insufficient proof of possession." op. cit. 382 U.S. 136, 140, 86 S.Ct. 279, 282, 15 L.Ed.2d 210, 213.[2]

Additionally, the charge was not objected to, either when the trial judge announced it would be given, or later, when opportunity to object was provided after it had been delivered. See Rule 30, Federal Rules Criminal Procedure.

 The second question raised on appeal is whether the evidence was sufficient to sustain the verdict. We conclude that it was when viewed in the light most favorable to the government, Glasser v. United States, 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. Despite opposing testimony from the appellant, his daughter, and a neighbor, centering around a claim that he was working in a nearby field on the date in question, and came to the still area accidently, the government testimony from law enforcement officers, federal and state, showed that Weaver appeared at the still about 11 A.M. of the date of arrest while the still was in operation, and was observed adjusting the flow of butane gas to the fire beneath the still pot, and later examining the whiskey as it ran from the still. Further, the defendant made a statement shortly after his arrest admitting ownership of the still, stating that he was putting about 20 pounds of sugar in each barrel of mash and that each time he ran the still he was receiving two to three gallons of whiskey from each fermenting barrel. After a full separate Jackson v. Denno[3] type hearing, conducted by the trial judge before this statement was permitted to go to the jury, the judge held that it was made by Weaver freely, voluntarily and understandingly after full warnings as to his constitutional rights to counsel and to remain silent.

Error is not demonstrated in the proceedings below. The judgment appealed from is

Affirmed.

---

2. As pointed out in the text, infra, the conviction under the possession count, Count One was supported by evidence in addition to testimony as to mere presence.

3. Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.