## Commonwealth v. LaRocca

*Ray F. Grican*, for the Commonwealth.
*Daniel McGee*, for defendant.

BROWN, Jr., *P.J.*, October 8, 1981—

### FACTUAL BACKGROUND

Defendant is charged with the offense of Theft of Services, under 18 Pa.C.S.A. §3926, for allegedly improperly obtaining electrical service by tampering with an electrical meter. The amount of improperly received electrical service is alleged to be $192.15.

At the preliminary hearing the Commonwealth did not offer any direct evidence to show defendant personally tampered with the electrical meter. The evidence presented shows that on January 12, 1981, an electric company meter reader found that the

electric meter which measured the electrical service supplied to an apartment in State College, Centre County, Pa., was turned upside down, causing the meter to run backwards tbus reducing the recorded usage of electrical service. Defendant was the subscriber for that electrical service and shared the apartment with three other persons. Later that same day, the meter reader returned and found the meter had been returned to its proper position.

On January 19, 1981, the meter reader returned and found the aforementioned electric meter again turned upside down. The following day, January 20, the meter reader returned and found the meter in its proper position.

The meter in question was then locked into its proper position.

There are no eyewitnesses to the alleged tampering. Nor is there any scientific evidence which links defendant to the meter in question. The Commonwealth presented evidence that defendant was the subscriber for the service and relies on the statutory inference contained in 18 Pa.C.S.A. §3926(d) to establish that defendant tampered with the meter with the intent to obtain electrical service without making full compensation therefor. Defendant by way of the petition sub-judice, challenges the constitutionality of 18 Pa.C.S.A. §3926(d).

## DISCUSSION

18 Pa.C.S.A. §3926(d) provides as follows:

"(d) Inference from using nonmetered utility service.—Any person having possession of or access to the location of a public utility meter or service measuring device which has been avoided or tampered with so as to inhibit or prevent the accurate measurement of utility service and who enjoys the use of or receives the benefit from the public utility service intended to be metered or measured by the

public utility meter or measuring device so avoided or tampered with may be reasonably inferred to have acted to avoid or tamper with the public utility meter or measuring device with the intent to obtain the public utility service without making full compensation therefor."

The modern rule relating to the constitutionality of statutory presumptions or inferences was set forth in the United States Supreme Court case of Tot v. United States, 319 U.S. 463, 87 L.Ed. 1519, 63 S.Ct. 1241 (1943). In Tot, the court was faced with the validity of a statutory presumption contained in §2(f) of the Federal Firearms Act, 15 U.S.C.A. §902(f). Mr. Justice Roberts writing for the court set forth the test as follows:

"Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. That is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts." Tot, supra, 319 U.S. at 467-468, 87 L.Ed. 1519, 63 S.Ct. at 1245.

The test set forth in Tot was later restated without change in the case of United States v. Romano, 382 U.S. 136, 15 L.Ed. 2d 210, 86 S.Ct. 279 (1965).

The next major Supreme Court pronouncement relating to the constitutional validity of statutory presumptions or inferences was enunciated in Leary v. United States, 395 U.S. 6, 23 L.Ed. 2d 57, 89

S.Ct. 1532 (1969). In Leary, the court stated that a criminal statutory presumption must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.

In construing subsection (d) of §3926, the inferred fact is that a party tampered with a public utility meter or measuring device with the intent of obtaining the service without making full conmpensation therefor. The facts which must be proven to create such an inference are (1) that the person charged have access to or possession of the location of the meter or measuring device; (2) that said meter or measuring device was avoided or tampered with so as to inhibit or prevent the accurate measurement of the utility service, and (3) that said person enjoys the use or receives the benefit from the public utility service intended to be metered or measured by the meter or measuring device which has been tampered with.

The Commonwealth contends that the inference is permissible in the case sub-judice because the pattern of the incidents of tampering would suggest that said acts were not isolated incidents of vandalism or criminal mischief but planned conduct designed to prevent accurate measurement of electrical service. Since defendant was the subscriber to the service and thus the only person contractually obligated to pay for said service, it is reasonable to infer that defendant tampered with the electrical meter. We disagree.

In construing the constitutional validity of 18 Pa.C.S.A. §3926(d), we are concerned only with the facts which the statute requires to be proven before the inference may be permissibly made. Subsection (d) of §3926 allows the court to infer a defendant

tampered with a meter to prevent accurate measurement of a utility service with the intent to obtain the service without making full compensation therefor by showing that a defendant had access to a meter, the meter was tampered with so as to prevent accurate measurement of utility usage and that the party charged benefitted from the service.

In the case at bar, defendant resided at an apartment with other unrelated persons. There seems no question that all of these persons had access to the meter in question. We also feel that it can be said that all of the occupants of said apartment benefitted from the electrical service provided thereto. Upon the additional showing that the meter was tampered with so as to prevent accurate measurement of utility usage, under §3926(d), any of the persons residing at the apartment could have been inferred to have tampered with said meter. The only fact that differentiates defendant from his "roommates" is his status as the subscriber to the utility service. Although this may render defendant the only person residing at the apartment who was contractually liable to the utility, we feel that the statutory inference ignores the quasi-contractual duty of the "roommates" to defendant, and the reality that they too benefit from the inaccurate measurement of the utility usage. We thus feel that the inference created by §3926(d) is "irrational" and "arbitrary" as it cannot be said with substantial assurance that the presumed fact (that defendant tampered with a utility meter to prevent accurate measurement of utility usage so as to obtain said utility service without making full compensation therefor) more likely than not flows from the proven fact (that a meter was tampered with so as to prevent accurate measurement of utility usage, that defendant had access to said meter and benefitted from the service intended to be measured by the tampered meter).

## ORDER

And now, October 8, 1981, upon consideration of defendant's petition challenging the Constitutionality of 18 Pa.C.S.A. §3926(d), we hereby declare said subsection to be unconstitutional. The Commonwealth is hereby prohibited from using or referring to the statutory inference created in 18 Pa.C.S.A. §3926(d) in any criminal proceeding.