**Anibal RODRIGUEZ**

v.

**Gary RODEN, Superintendent.**

**Civil Action No. 10–10774–RGS.**

United States District Court,
D. Massachusetts.

Oct. 22, 2010.

Amy L. Karangekis, Attorney General's Office, Springfield, MA, for Gary Roden.

David M. Skeels, Public Defenders Division of CPCS, Boston, MA, for Anibal Rodriquez.

### ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

STEARNS, District Judge.

I agree with Magistrate Judge Collings's Recommendation that the petition should be dismissed on its merits notwithstanding petitioner's failure to exhaust. The Clerk will enter a dismissal with prejudice and close the case.[1]

SO ORDERED.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS (# 14)

ROBERT B. COLLINGS, United States Magistrate Judge.

Title 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." It is the Court's view that this provision should be applied in the instant case.

Simply stated, the trial judge allowed certain evidence to be introduced at trial to which the petitioner had objected. In

---

1. Petitioner's counsel filed objections to the Magistrate Judge's Report on October 20, 2010.

his appeal to the Supreme Judicial Court ("SJC"), the petitioner argued that the evidence should not have been admitted and that the trial judge's instruction to the jury permitting the jury to consider the evidence was error for the same reason, i.e., that the evidence should not have been admitted in the first place.

In sum, it appears that the argument against admitting the evidence and the argument that the instruction permitting the jury to consider the admitted were essentially the same.[1] Petitioner did not argue to the SJC that the instruction was erroneous for any reason other than it permitted the jury to consider the evidence. Thus, the only statement respecting federal law mentioned in petitioner's brief to the SJC was that "... the introduction of [the disputed] testimony ... was prejudicial error and violated the defendant's right to a fair trial under the due process clause of the Fourteenth Amendment of the United States Constitution." Document 14–1 at 54. That statement is manifestly insufficient to alert the SJC that petitioner was raising an issue anent the instruction over and above the complaint that the instruction was erroneous because it allowed the jury to consider evidence which petitioner claims should not have been admitted. In fact, it is uncertain as to whether he was raising anything more. In the instant petition, petitioner's counsel argues that the instruction was erroneous because it created a "permissible inference" and then cites cases involving statutory presumptions. There was not one word about a "permissible inference" mentioned in the petitioner's brief to the SJC and no statutory presumptions were involved in petitioner's case.

Rather than recommending the case be dismissed for failure to exhaust, the petition should be denied on the merits straightaway because petitioner's counsel is under a basic misunderstanding seeming to conflate statutory presumptions on the one hand and merely admitting evidence which a trier of fact can consider on a given question and draw whatever inferences are reasonable on the other.[2]

The petitioner was convicted of murder in the first degree on the theory of felony murder. The murder was committed by one Richard Molina. Petitioner at trial:

... did not deny that he was present at the murder; rather, he claimed that he agreed only to assist another person, Richard Molina, in an unarmed robbery

---

1. In fact, the argument seems to have been interchangeable in petitioner's brief to the SJC. As phrased in the "Issues Presented" portion of the brief, the issue is stated as being:

Was it prejudicial error for the judge to instruct the jury that, for the purpose of showing that the defendant had agreed to assist the co-defendant to commit the crime of robbery or murder by putting a wire around the victim's neck, they could consider the fact that the co-defendant had solicited the informant Valentin to kill an individual by putting a wire around his neck?

# 14–1 at 21.

As phrased in the "Argument" section of the brief, the issue is framed as follows:

Evidence that the co-defendant may have solicited the informant Valentin to kill an individual by putting a wire around his neck was not logically probative to show that the defendant had agreed with the co-defendant to assist the crime of robbery or murder in this fashion, and the judge's instruction that the jury could consider the evidence for this purpose was prejudicial error.

# 14–1 at 45.

2. For a discussion of the difference between a "permissive inference" on the one hand and a "mandatory presumption" on the other, *see County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 157–8, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

that was not committed with a conscious disregard for human life, and thus, he could not be convicted of felony-murder. *Commonwealth v. Rodriquez*, 454 Mass. 215, 216, 908 N.E.2d 734, 735–736 (2009) (footnote omitted).

The disputed evidence, as described by the SJC was that:

... a few days before the murder in this case, Molina solicited another person, Miguel Valentin, to commit a murder, with the details of the solicitation at least somewhat similar to the events that took place subsequently with the defendant present.

*Id.*

The instruction which the trial judge gave was as follows:

First, it's up to you, as the finders of the facts, to determine whether or not [the co-defendant] Mr. Molina did solicit Mr. Valentin, as Mr. Valentin has just testified. If you conclude that such solicitation was in fact made, you may consider [sic] as some evidence bearing on Mr. Molina's state of mind around the time of the killing. However, the fact that Mr. Molina may have solicited Mr. Valentin to put a cord around the neck of someone in a vehicle, is not sufficient evidence in and of itself, to conclude that he solicited the defendant to do that, or that the defendant in fact himself, put a cord around the decedent's neck. Rather, you may consider the fact of the solicitation, along with all the evidence in the case, in determining what the defendant did or did not do. But that, even if that solicitation occurred, with Mr. Valentin, it doesn't mean that Mr. Molina then asked this defendant to do it, because it doesn't necessarily mean that this defendant's story, or that in fact, this defendant did

that. You have to look at all the evidence in the case to make that determination.

# 14–1 at 42.

In ruling on petitioner's challenge to the admissibility of this evidence, the SJC concluded:

... the jury could reasonably infer that Molina's mission was to commit a violent robbery and that, having proposed a plan to one potential coventurer (Valentin) and having been rejected, he made the same proposal to the defendant.

*Rodriquez*, 454 Mass. at 220, 908 N.E.2d at 738.

Basically, the trial judge permitted the jury, if it chose, to draw an inference from the evidence which he ruled was admissible. This is what is called a "permissive inference," i.e., an inference which the jury is free to accept or reject from all the evidence in the case. As the Supreme Court has stated, "[t]he jury is permitted to infer from one fact the existence of another essential to guilt, if reason and experience support the inference." *Tot v. United States*, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).

The cases cited by petitioner's counsel, however, involve statutory presumptions created by Congress or a state legislature.[3] The presumption in the Tot case was "... that, from the prisoner's prior conviction of a crime of violence and his present possession of a firearm and ammunition, it shall be presumed ... that the article was received by him in interstate or foreign commerce." *Tot*, 319 U.S. at 466, 63 S.Ct. 1241. The presumption in the case of *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) was one created by the state legislature to the effect that "... the

---

**3.** None of these cases were cited to the SJC.

presence of a firearm in an automobile is presumptive evidence of its illegal possession by all persons then occupying the vehicle." *Id.* at 142, 99 S.Ct. 2213 (footnote omitted). In the case of *United States v. Romano*, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), the Court was dealing with a statutory presumption created by Congress and codified at 26 U.S.C. § 5601(b)(1) and (4) "... which provide in part that the presence of the defendant at the site of an illegal still 'shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury* * *.'" *Id.* at 138, 86 S.Ct. 279. In *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Court dealt with a statute which provided:

> ... that a defendant's possession of marihuana shall be deemed sufficient evidence that the marihuana was illegally imported or brought into the United States and that the defendant knew of the illegal importation or bringing in, unless the defendant explains his possession to the satisfaction of the jury.

*Id.* at 12, 89 S.Ct. 1532.

These cases are manifestly inapposite to the case at hand which did not involve any presumptions at all. Rather, the case involved the judge's admission of evidence and an instruction that the jury could consider the evidence. The Court should not have to tarry over an exhaustion issue when what is being raised in the petition is but a separate iteration of the same issue which was raised before the SJC, i.e., whether the evidence should have been admitted in the first place.[4] The petition

is totally without merit and should be dismissed.

Accordingly, I RECOMMEND that the Petition for Relief from a Conviction or Sentence by a Person in State Custody (# 1) be DISMISSED on the merits, that Respondent's Motion to Dismiss (# 14) be terminated, and that a Judgment of Dismissal enter.

*The parties are hereby advised that pursuant to Rule 72, Fed.R.Civ.P., any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.* The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir.1988); *United States v. Emiliano Valencia–Copete*, 792 F.2d 4 (1 Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1 Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir.1980); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

October 7, 2010.

---

**4.** As the Supreme Court explained in the *County Court of Ulster County, New York* case, the only way a defendant can challenge the admission of the evidence from which a permissive inference is allowed is to show that "... under the facts of the case, there is no rational way the trier [of fact] could make the

connection permitted by the inference." *County Court of Ulster County, New York*, 442 U.S. at 157, 99 S.Ct. 2213. This is essentially the test which the SJC used in ruling that the admission of the evidence in the instant case was proper. *See Rodriquez*, 454 Mass. at 220–1, 908 N.E.2d at 738–9.