## VUKICH v. UNITED STATES.[*]

Circuit Court of Appeals, Ninth Circuit.
October 29, 1928.

No. 5460.

*Rehearing denied. January 14, 1929.

Robertson, Paine & Schaaf, of Spokane, Wash., for appellant.

Roy C. Fox, U. S. Atty., and E. J. Farley, Asst. U. S. Atty., both of Spokane, Wash.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge. The appellant, Vukich, was convicted on two counts of an indictment; the first count charging that he carried on the business of a distiller without having given bond as required by law, in violation of section 3281, Revised Statutes (26 USCA § 306), and the second charging the making of mash fit for distillation of spirits, in a place not a distillery authorized by law, in violation of section 3282, Revised Statutes (26 USCA § 307). A jail sentence of six months and a fine of $1,000 was imposed on the first count, and no sentence imposed on the second count. An appeal is taken from the judgment, and from orders denying a motion in arrest of judgment and petition for a new trial.

The evidence discloses that about 7:30 o'clock in the evening of January 10, 1928, federal prohibition agents observed a touring car, apparently heavily loaded, turn off the main highway into a road leading to a place known as the Godsel ranch, about eight miles from the city of Spokane, Wash. About an hour later the car was observed to return to the highway, where it was stopped by the officers. Appellant was found to be driving the car. In the back compartment of the car, scattered over the cushions and the floor, and upon the left-hand running board, was found a small quantity of corn sugar, commonly called pearl sugar. In company with the officers, appellant was directed to drive back to the Godsel place. In a building about 100 yards from the dwelling house was found a distillery in operation, a quantity of fermenting mash, some moonshine whisky, and 25 100-pound sacks of pearl sugar, similar in character to the sugar found in appellant's car. When the officers approached the still house, two or three men ran from it, one of whom was captured. At the dwelling house there were a Mrs. Godsel, her daughter, and a baby. Mrs. Godsel told the officers that appellant had brought some medicine and condensed milk to the baby; that she had known him for 16 years; that he occasionally came there, and had brought the articles for the baby at her request; that, if there was a still on the place, she did not know it. Appellant told the officers about bringing the articles to the baby, but denied that he had any knowledge of the still, or any interest in it.

Further evidence was introduced to the effect that, about 5 o'clock that same evening, appellant, under the name of Matosa, purchased from a warehouse in Tacoma 25 sacks of pearl sugar, paying cash therefor, 20 sacks of which were at that time loaded into his car, and he was to call for the remaining 5. There was also evidence offered to the effect that there had been no permit issued or bond given for the operation of such distillery. No evidence was offered upon the part of defendant.

Error is assigned in denying defendant's motion for a directed verdict, made upon the conclusion of the government's case, in refusing requested instructions, and in the giving of a portion of the court's charge to the jury.

Instructions requested by defendant, and refused, read:

"You are instructed that in order to convict the defendant of the offense charged in count 1 of the indictment that it will be necessary for the evidence to show you beyond all reasonable doubt that the defendant was engaged in carrying on the business of a distillery without giving a bond as required by law. The evidence must satisfy you beyond a reasonable doubt that he was either the proprietor or had some proprietary interest in the still or its operation described in the evidence.

"You are instructed that the defendant cannot be convicted of carrying on the business of a distillery without a bond if you believe that he had no proprietary interest in the still or its operation. If you believe

from the evidence that he sold or furnished or carried sugar to the owners of the still, this would not render him guilty of engaging in the business of a distiller unless you further find that he has some proprietary interest in the still, or in its operation, or was actively engaged in conducting it as agent for the owner."

Error is assigned in the giving of that portion of the court's charge to the jury reading:

"On the other hand, if there were others than the defendant engaged in operating that distillery, and this defendant knew they were so engaged in operating it and aided and assisted them in its operation with the intent and for the purpose of carrying their activities to success, then and under such circumstances he would be a principal, and would, within the meaning of this act be engaged in carrying on the business of a distiller, by reason of the law which says that whoever does the acts necessary to constitute a crime, or who aids or abets another in their commission, is a principal. * * * Or that others than the defendant were so engaged in conducting and carrying on that business, and that this defendant knew that they were so engaged, and aided and assisted them in the conduct of the business, with the intent and for the purpose of enabling them to successfully carry it on."

Counsel for the government concede that, "if it were necessary to prove proprietary interest on the part of defendant, the court should have instructed to that effect." It is contended, however, that in respect to count 1, as well as count 2, of the indictment, the evidence is sufficient to bring the defendant within the definition of a principal, as defined in section 550, 18 USCA, reading:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

In determining the question whether the defendant, under the evidence in this case as to both counts, may be regarded as a principal offender by reason of said section 550, it will be well to review briefly the status of the law requiring the giving of a bond for carrying on the business of a distiller.

Section 3281, R. S., was repealed by the National Prohibition Act. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043.

The Act of Congress of November 23, 1921 (42 Stat. 223), entitled "An act supplemental to the National Prohibition Act," contained a provision, now section 3, 27 USCA, which reads:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force on October 28, 1919, shall be and continue in force, as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of this title. * * * "

Commenting on this legislation, following the decision in the Yuginovich Case, supra, the Supreme Court, in United States v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 199 (67 L. Ed. 358) said:

"From the time that it went into effect it had the same operation as if, instead of saying that the laws referred to shall continue in force, it had enacted them in terms."

Since the adoption of the Eighteenth Amendment and the enactment of the National Prohibition Act, the operation of a distillery for the production of liquor for beverage purposes has been unlawful. A distillery may not be lawfully operated, except for nonbeverage purposes, upon a permit issued by the Commissioner of Internal Revenue. The permit "shall give the name and address of the person to whom it is issued, * * * and the time when and place where such acts may be performed." Section 16, 27 USCA.

Section 56 of the same title provides that no such permit shall be granted "until the amount of such liquor now in distilleries or other bonded warehouses shall have been reduced to a quantity that in the opinion of the Commissioner will, with liquor that may thereafter be manufactured and imported, be sufficient to supply the current need thereafter for all nonbeverage uses."

It is manifest that a bond may not be given under the provisions of section 3281, R. S. (26 USCA § 306), except when a permit has been issued in accordance with the provisions of sections 16 and 56, 27 USCA.

The bond required by section 3281, R. S., had for its primary purpose the securing of the tax due the government on the manufactured liquor. The distiller furnishing the required bond must be "the owner in fee, unincumbered by any mortgage, judgment or other lien of the lot or tract of land on which the distillery is situated, or unless he files with the collector, * * * the written consent of the owner of the fee, and of any mortgagee, judgment creditor, or other person having a lien thereon, * * * stipulating that the lien of the United States

for taxes and penalties shall have priority." R. S. U. S. § 3262; 26 USCA § 286.

By the re-enactment of section 3281, R. S., it was clearly the intent of Congress that the section should apply in the case of all persons conducting distilleries, whether or no they could comply with the provisions of the National Prohibition Act. Carrying on the business of a distillery without giving such bond was made an offense, though no bond could be given for the particular distillery which might be operated.

A distillery, such as shown by the evidence in this case to have been in operation, was manifestly an unlawful distillery, even without direct proof that it was being operated without permit or bond. No one with knowledge of its existence could be connected with its operation, without knowing that the person or persons carrying on its business were operating without bond, and otherwise unlawfully.

The only question to be determined in this case is whether a person who, with knowledge of the existence of an unlawful distillery, furnishes supplies thereto to be manufactured into contraband liquor, aids or abets the carrying on of such unlawful business. The business of a distillery cannot be carried on without supplies. It follows that one who knowingly delivers supplies to such distillery aids and abets the carrying on of its unlawful business, and thus becomes, under the provisions of the statute, liable to be prosecuted and punished as a principal.

The case of Partson v. United States (C. C. A.) 20 F.(2d) 127, and the case of Seiden v. United States (C. C. A.) 16 F.(2d) 197, relied on by counsel for appellant, we think may be distinguished from the case at bar.

In the Partson Case the question presented was whether a person employed as a workman in a distillery could be convicted of an intent to defraud the government of the tax on the product his employer was making.

In the Seiden Case the charge—count 3 of the indictment, held in that case not to be supported by the evidence—was for "intending to commence or continue the business of distilling without * * * a bond." Seiden was held to have been properly convicted on count 4, "for manufacturing liquor in violation of the Prohibition Law." It is not clear on what provision of the statute count 3 was based, but it is not a crime denounced by section 3281, R. S. The court disposed of the question in one sentence: "This section was plainly directed only against the proprietor, and a workman cannot commit or abet it."

Where intent is the gist of an offense, it does not follow that acts, which may not be regarded as aiding or abetting such requisite intent, may not be such as would constitute aiding and abetting, where the act, and not the intent with which it is done, constitutes the offense.

The judgment is affirmed.