Thomas Elliott **SPENCER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15907.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1956.

**6**

Wesley R. Asinof, Atlanta, Ga., for appellant.

Robert B. Thompson, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

BORAH, Circuit Judge.

Appellant, Thomas Elliott Spencer, along with his co-defendants Henry Logan, Joe J. Arrendale, and Francine White, were tried and convicted in the District Court on all counts of a five-count indictment which charged them with the violation of the Internal Revenue laws [1] in connection with the operation of a still. Count one charged defendants with the possession of an unregistered still and distilling apparatus; Count two, unlawfully carrying on the business of a distiller without having given bond; Count three, unlawfully carrying on the business of a distiller with the intent to defraud the United States; Count four, unlawfully working in a distillery not bearing the sign required by law; and Count five, unlawfully possessing whiskey the immediate containers of which did not have affixed thereto the required stamps evidencing payment of all Internal Revenue taxes. Following his conviction, the trial court sentenced appellant to imprisonment for a year and a day, which sentence was well within the maximum penalty, prescribed under Counts one, two, three and five, though in excess of the maximum penalty prescribed under Count four. Appealing from this judgment of conviction, appellant is here insisting that the trial court improperly denied his motion for judgment of acquittal on the ground that the evidence as to him was insufficient to warrant a verdict of guilty on any of the counts.

It would serve no useful purpose to detail the evidence at great length, for there was certainly ample evidence to show that appellant's co-defendants carried on the business of a distiller [2] without having given bond, as charged in Count two and as we shall presently show, the evidence is likewise sufficient to establish that appellant aided and abetted them in this violation.

The unlawful distillery at which the four named defendants were arrested was located in a barn on a farm in Butts County, Georgia, about fifty miles from Atlanta. The distillery consisted of two metal stills having an aggregate capacity of 1,000 to 1,100 gallons, a steam boiler, two electric pumps, a burner, a metal doubler and a radiator condenser. In the barn there were 45 mash barrels containing 5,920 gallons of mash; 184 cases

---

1. Internal Revenue Code of 1954, Sections 5008(b) (1), 5174, 5601, 5606, 5642 and 5681, 26 U.S.C.A. §§ 5008(b) (1), 5174, 5601, 5606, 5642, 5681.

2. Each of appellant's co-defendants admitted to the arresting officers that they were carrying on the business of a distiller without having given bond. Logan had been at the still for about two weeks for the purpose of increasing. still production, and he was to be paid $10 per day for his services. Arrendale said that he had been hired and came to work four days before his arrest and he was to receive fifteen cents for each gallon of whiskey produced. Francine White said that she was hired in Atlanta to come to the distillery to act as "lookout" and to cook for Logan and Arrendale.

of one-half gallon fruit jars; 534 gallons of non-tax paid whiskey; 50 pounds of yeast and a quantity of sugar. In the farm house in front of the distillery there were three beds, a stove, an old ragged couch and a television set. Appellant's co-defendants were arrested at the distillery on the afternoon of April 21, 1955. At about 8 o'clock p. m. on the same day and after dark, the investigators of the Alcohol Tax Unit who were waiting on the premises saw appellant drive a 1951 Chevrolet panel truck up the gate that led into the yard near the farm house. The investigators thereupon approached the truck and asked appellant to get out, whereupon he inquired, "Who are you?", and they replied, "Federal officers." Appellant then got out of the truck and upon being questioned as to his identity, he said "You ought to know who I am. I'm just a little liquor hauler from Atlanta * * * I'm Thomas Spencer." The truck which appellant was driving bore a fictitious trade name and a non-existing address and telephone number of a television repair service, and upon examination thereof was found therein a large box of groceries, two empty one hundred pound sugar sacks and some scattered sugar, bran and meal. One of the investigators asked appellant about the sugar sacks and he said that it was his job to haul the raw materials and sugar down to the still and that he hauled the whiskey back to Atlanta; that he paid $2.75 a gallon for the whiskey at the still and sold it in Atlanta for $3.25; and that he had hauled a load of liquor away from the distillery on April 19, two days before his arrest.

While we recognize that circumstances which merely raise suspicion or give room for conjecture are not sufficient evidence of guilt, and that standing alone the mere circumstance that appellant drove to the gate in a truck bearing a false name and containing a box of groceries and two empty sugar sacks would not in and of itself be sufficient to sustain the verdict, this is not the precise situation in the case at bar as appellant contends. Here, the presence of a quantity of liquor at the distillery tended to prove that it had been manufactured there, and proof of a cache of raw materials likewise tended to establish the fact that such raw materials had been transported to the still for use in the manufacturing process. In addition, two of the defendants were admittedly engaged in the manufacturing process and another by her own admission served as cook and watchman. This independent evidence thus fully corroborated appellant's undenied admission that it was his job to haul raw materials to the still. This being the state of the record we are of the clear opinion that the evidence adequately shows that appellant aided and abetted the carrying on of the unlawful business. Vukich v. United States, 9 Cir., 28 F.2d 666.

Accordingly, the judgment of the District Court is affirmed.