Edward Louis **HENDERSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 26254.

United States Court of Appeals Fifth Circuit.

Dec. 19, 1968.

Rehearing Denied Jan. 22, 1969.

B. Clarence Mayfield, Savannah, Ga., for appellant.

Floyd Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before THORNBERRY and AINS-WORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

Appellant Edward Louis Henderson was convicted on charges of violating 26 U.S.C. § 5205(a) (2) and § 5604(a). The trial court admitted into evidence non-tax-paid whiskey seized by the arresting officers, acting without a search warrant, in appellant's backyard. In this appeal, appellant maintains that the evidence was seized in violation of his Fourth Amendment rights and that the district court erred in denying his motion to suppress.

The record reveals that city detectives, following a tip that illicit whiskey was set off behind the residence adjacent to that of the appellant, drove past the house and observed appellant, standing in the backyard among twenty-five to thirty one-gallon jugs, pouring a clear liquid into a funnel held by a companion. Both men fled, but appellant returned a few minutes later, at which time he was arrested. In the meantime, one of the officers searched the backyard and seized several containers, found to contain non-tax-paid whiskey, which was introduced into evidence.

We have concluded that the admission of the whiskey into evidence was proper because the seizure of the whiskey was incident to a lawful arrest based on probable cause. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. The detectives had adequate facts and information to believe that an offense was being committed in their presence; and therefore, under the applicable state law, by which the arrest must also be tested, Lovelace v. United States, 5th Cir. 1966, 357 F.2d 306, properly attempted the arrest without a warrant. Ga.Code Ann. 27–207 (1953 Rev.) Probable cause for the arrest existed independently of the fruits of the search; the arrest was perfected within ten minutes of the search and seizure; and therefore, it is immaterial in these circumstances that the search preceded the arrest. Lovelace v. United States, supra, 357 F.2d at 311, Holt v. Simpson, 7th Cir. 1965, 340 F.2d 853, 856.

Accordingly, the judgment of the trial court must be and hereby is affirmed.