**UNITED STATES of America, Appellee,**

v.

**Clifford VALENTINE, Appellant.**

**No. 19787.**

United States Court of Appeals, Eighth Circuit.

June 25, 1970.

Murry A. Marks, St. Louis, Mo., for appellant.

Kenneth R. Heineman, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Defendant appeals his conviction under 26 U.S.C.A. § 5861 (1968), as amended, (Supp.1970), of the National Firearms Act of 1968 for possession of a firearm which was not registered as provided under 26 U.S.C.A. § 5841 (Supp.1970).[1] Defendant asserts upon appeal that (1) the statutory scheme of registration under the Act violates his privilege against self-incrimination under the authority of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), and (2) that the trial court erred in overruling defendant's motion to suppress the shotgun seized in that it was obtained incident to an illegal arrest. For reasons stated herein, we affirm.

On December 19, 1968, at approximately 7:50 in the evening, two St. Louis police officers observed a car in which defendant was riding make a permissible U-turn. Subsequently, the officers be-

---

1. "§ 5841. Registration of firearms

"(a) Central registry.—The Secretary or his delegate shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include—

(1) identification of the firearm;

(2) date of registration; and

(3) identification and address of person entitled to possession of the firearm.

"(b) By whom registered.—Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor.

"(c) How registered.—Each manufacturer shall notify the Secretary or his delegate of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section. Each importer,

maker, and transferor of a firearm shall, prior to importing, making, or transferring a firearm, obtain authorization in such manner as required by this chapter or regulations issued thereunder to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section.

"(d) Firearms registered on effective date of this act.—A person shown as possessing a firearm by the records maintained by the Secretary or his delegate pursuant to the National Firearms Act in force on the day immediately prior to the effective date of the National Firearms Act of 1968 shall be considered to have registered under this section the firearms in his possession which are disclosed by that record as being in his possession.

"(e) Proof of registration.—A person possessing a firearm registered as required by this section shall retain proof of registration which shall be made available to the Secretary or his delegate upon request."

gan proceeding in the same direction as the car. The officers then observed the auto fail to stop at a major stop sign in violation of a traffic ordinance. As the officers, intending to make an arrest for the traffic violation, came up behind the car on a well lighted street with their car lights on high beam, they observed the passenger in the right front seat (who later was shown to be the defendant) turn around and pass a double-barreled shotgun to another passenger in the back seat. Thereafter, the officers stopped the car, ordered the occupants out of the car and informed them that they were under arrest for concealing a weapon.[2] The automobile was immediately searched and the shotgun was found under the right rear of the front seat. The barrel of the shotgun was found to be shorter than required (less than 18 inches) under 26 U.S.C.A. § 5845(a) (Supp.1970). Defendant was subsequently indicted under 26 U.S.C.A. § 5861 (Supp.1970) for possession of an unregistered firearm.

*Constitutionality of the Statute.*

 Defendant's reliance upon Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), is mis-placed. In that case the Supreme Court held that certain sections of the National Firearms Act, as then written, were in violation of the Fifth Amendment privilege against self-incrimination. 390 U.S. at 100, 88 S.Ct. 722. Under the former law every person who possessed a "firearm" was required to register the same unless he was otherwise exempted under the Act. Under the former Act the only exempted people were those who had *lawfully* obtained the firearms; thus, only those who had unlawfully obtained a firearm were required to register it. Cf. Reed v. United States, 401 F.2d 756 (8 Cir. 1968). Under the new provisions of the statute, enacted subsequent to *Haynes*, registration of a "firearm" can be made only by the transferor of the "firearm" and not by the transferee in possession. Under the new Act, there is no obligation upon the possessor to register or furnish information to anyone.[3] Thus, violation of the new Act occurs when a person elects to take possession of a firearm that is contraband inasmuch as it is not registered. In addition, under the amended Act, *all* "firearms" must now be registered by the transferor rather than those which are unlawfully obtained. Under these cir-

---

2. Section 564.610, Mo.Rev.Stat. (1959), V.A.M.S. reads:

 "Dangerous and concealed weapons, prohibitions concerning—exceptions—penalty

 "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, * * * he shall, upon conviction, be punished by imprisonment by the department of corrections for not more than five years, or by imprisonment in the county jail not less than fifty days nor more than one year, but nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state."

3. A further distinguishing feature of the new law from the old is that the transferor is further protected from self-incrimi-nation under the new 26 U.S.C.A. § 5848 (Supp.1970). Section 5848 reads:

 "(a) General rule.—No information or evidence obtained from an application registration, or records required to be submitted or retained by a natural person in order to comply with any provision of this chapter or regulations issued thereunder, shall, except as provided in subsection (b) of this section, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.

 "(b) Furnishing false information.—Subsection (a) of this section shall not preclude the use of any such information or evidence in a prosecution or other action under any applicable provision of law with respect to the furnishing of false information."

cumstances, under the new Act there exists no compulsion to incriminate oneself. We find no identity to the constitutional infirmity which was present in *Haynes*. See United States v. Melville, 309 F.Supp. 774 (S.D.N.Y.1970); United States v. Britton, 306 F.Supp. 94 (S. D.Tex.1969); cf. United States v. Benner, 417 F.2d 421 (9th Cir. 1969).

*Probable Cause for the Arrest.*

Defendant alleges that there was not probable cause for his arrest, and therefore, the search and resulting seizure of the gun were illegal. Defendant relies upon the Missouri case of State v. Tate, 416 S.W.2d 103 (Mo.1967).[4] There, the Missouri Supreme Court set aside a conviction for carrying a concealed weapon where the state's evidence was that the weapon was at all times in plain view. In an earlier case, State v. Bordeaux, 337 S.W.2d 47 (Mo.1960), the defendant was seen to throw a pistol from the car as he drove away from a police car. The Supreme Court of Missouri affirmed the conviction holding that the gun was originally hidden from "ordinary view" and thus concealed. See also State v. Renard, 273 S.W. 1058 (Mo.1925). It is argued that although the Missouri Supreme Court did not expressly overrule the *Bordeaux* case, the latter decision was nevertheless impliedly overruled in State v. Tate, supra. See also State v. Holbert, 420 S.W.2d 351 (Mo.1967).

Of course, each decision stands on its own factual circumstance; we need not make further analysis here. All of these state cases deal with the issue of sufficiency of evidence to sustain a conviction. Here we are concerned only with *probable cause* to make an arrest, i.e. whether circumstances were known to the officers such to warrant a prudent man in observing a felony had been committed or was being committed. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

■■ Probable cause to make an arrest does not require absolute certainty that a crime has been or is being committed. However, it must, of course, rest upon more than mere suspicion. As Judge Matthes observed in Clay v. United States, 394 F.2d 281, 285 (8 Cir. 1968):

"We are mindful that in determining the validity of an arrest we are dealing with the probability, and not the certainty, that an offense has been or is being committed. While probable cause implies that the information which has come either directly or indirectly to the arresting officers' knowledge must rise above the mere suspicion of criminal activity, it at the same time need not be tantamount to that quantum of proof which would sustain a conviction of guilt."

See also Klingler v. United States, 409 F.2d 299 (8 Cir. 1969); Jackson v. United States, 408 F.2d 306 (8 Cir. 1969); United States v. Skinner, 412 F.2d 98 (8 Cir. 1969); United States v. Whitney, 425 F.2d 169 (8 Cir. 1970). We are satisfied in this case that the officers had probable cause to make a warrantless arrest. They were cruising in a high crime area at the time. It was dark at the time of the arrest and one officer testified that the gun, when originally seen, looked shorter than normal. At the time of the arrest, the officers ordered the occupants from the car; the gun was not in plain sight. All these facts, combined with the officers seeing the gun passed by the defendant and then being moved quickly out of sight, give rise to circumstances that a prudent man might reasonably believe a felony was being committed.

Upon finding grounds for probable cause for the arrest, the search of the automobile for weapons without a search

---

4. Probable cause for arrest is dependent upon state law insofar as it is not in conflict with the United States Constitution.

See cases cited in Klingler v. United States, 409 F.2d 299 (8 Cir. 1969).

warrant was reasonable under the circumstances. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Moodyes v. United States, 400 F.2d 360 (8 Cir. 1968); Reed v. United States, 401 F.2d 756 (8 Cir. 1968); Feinstein v. United States, 390 F.2d 50 (8 Cir. 1968).

Judgment affirmed.