UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward BROOKINS, Defendant-Appellant.

No. 27067.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1970.

Order Vacating Rehearing En Banc Oct. 22, 1970.

Certiorari Denied Feb. 22, 1971.

See 91 S.Ct. 880.

[A3002]

*Elementary zones are preceded by the letter E, junior high zones by J, and senior high zones by H.
**This includes, in a few instances, portable classrooms.

[A3001]

**42**

S. Gunter Toney, Toney & Guarisco, Tallahassee, Fla., for appellant.

William J. Schloth, U. S. Atty., Manley F. Brown, D. L. Rampey, Jr., Asst. U. S. Attys., Macon, Ga., Will Wilson, Asst. Atty. Gen., Crim. Division, Dept. of Justice, Washington, D. C., for appellee.

Robert L. Parks, Miami, Fla., amicus, Kilgen.

Before JOHN R. BROWN, Chief Judge, RIVES, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK and INGRAHAM, Circuit Judges.

BY THE COURT:

The Order heretofore entered granting rehearing en banc is hereby vacated and the case is remanded to the panel composed of Judges RIVES, COLEMAN and MORGAN.

ON PETITION FOR REHEARING

Before RIVES, COLEMAN and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

■ Our mistake on original hearing [1] was in treating the offense for which the appellant Brookins was arrested as possessing an unregistered still proscribed by subsection (a) (1) of Title 26, section 5601, U.S.C.,[2] rather than that of carrying on the business of a distiller proscribed by subsection (a) (4) of the same section 5601.[3] The two crimes appear closely related, but there is a critical difference. As to carry on the business of a distiller, the Supreme Court sustained the constitutionality of the presumption created by a 1958 Act of Congress now appearing as subsection (b) (2) of section 5601,[4] upon the ra-

---

[1]. Opinion reported, 423 F.2d 463.

[2]. "(a) *Offenses.*—Any person who—
  "(1) *Unregistered stills.*—has in his possession or custody, or under his control, any still or distilling apparatus set up which is not registered, as required by section 5179(a)  *  *  *."

[3]. "(a) *Offenses.*—*Any person who*—
   *      *      *      *      *
  "(4) *Failure or refusal of distiller or rectifier to give bond.*—carries on the business of a distiller or rectifier without having given bond as required by law  *  *  *."

[4]. "(b) *Presumptions.*—
   *      *      *      *      *
  "(2) *Failure or refusal of distiller or rectifier to give bond.*—Whenever on trial for violation of subsection (a) (4) the defendant is shown to have been at the site or place where, and at the time when, the business of a distiller or rectifier was so engaged in or carried on, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."

tionale quoted in the margin.[5] Contrariwise, as to possessing an unregistered still, the Supreme Court held unconstitutional a like presumption created by the same 1958 Act now appearing as subsection (b) (1) of section 5601.[6] We quote in the margin part of the opinion which points out the essential difference between the two offenses.[7]

With some exceptions to be noted, the facts are fully and accurately stated in Judge Coleman's original opinion (423 F.2d at 464 and 465) and in the writer's special concurrence (423 F.2d at 468). An inaccurate statement occurs on p. 467, that Nowicki, the arresting officer, "knew that Brookins, within the fairly recent past, had been convicted of a

5. "The rationality of the inference provided by § 5601(b) (2) must be viewed in the context of the broad substantive offense it supports. Section 5601(a) (4) proscribes 'carrying on' the enterprise of illegal distillation—an offense which is one of the most comprehensive of the criminal statutes designed to stop the production and sale of untaxed liquor. See Vukich v. United States, 28 F.2d 666, 669 (C.A. 9th Cir.). Those who aid and abet the enterpriser come within the statute's reach by virtue of 18 U.S.C. § 2 (1958 ed.). United States v. Giuliano, 263 F.2d 582 (C.A. 3d Cir.). Suppliers, haulers, and a host of other functionaries have been convicted under the statute. See United States v. Pritchard, 55 F. Supp. 201 (D.C.W.D.S.C.), aff'd 145 F. 2d 240 (C.A. 4th Cir.) Congress was undoubtedly aware that manufacturers of illegal liquor are notorious for the deftness with which they locate arcane spots for plying their trade. Legislative recognition of the implications of seclusion only confirms what the folklore teaches— that strangers to the illegal business rarely penetrate the curtain of secrecy.6 We therefore hold that § 5601(b) (2) satisfies the test of Tot v. United States, *supra.* [319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519].

"6. 'Very few of the illicit distillers allow any one, except their most intimate friends, to approach their distilleries. Such places, as a rule, are forbidden ground, for the reason that when the violators are arrested it is a difficult matter to prove them guilty, when so few persons have ever seen them operating their distilleries.' Atkinson, After the Moonshiners, By One of the Raiders, at p. 23.

"'The first requisite for an illicit still is a good stream of cool water. * * *

"'The next requisite is seclusion. It must be placed where no one ever travels, or even thinks of traveling.' *Id.*, at p. 18."
United States v. Gainey, 1965, 380 U.S. 63, 67, 68, & n. 6, 85 S.Ct. 754, 758, 13 L.Ed.2d 658.

6. "(b) *Presumptions.*—

"(1) *Unregistered stills.*—Whenever on trial for violation of subsection (a) (1) the defendant is shown to have been at the site or place where, and at the time when, a still or distilling apparatus was set up without having been registered, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."

7. "Just last Term, in United States v. Gainey, 380 U.S. 63 [85 S.Ct. 754], the Court passed upon the validity of a companion section to § 5601(b) (1) of the Internal Revenue Code. The Constitutionality of the legislation was held to depend upon the 'rationality of the connection "between the facts proved and the ultimate fact presumed."' 380 U.S., at 66 [85 S.Ct. at 757]. Tested by this rule, the Court sustained the provision of 26 U.S.C. § 5601(b) (2) declaring presence at a still to be sufficient evidence to authorize conviction under 26 U.S.C. § 5601(a) (4) for carrying on the business of the distillery without giving the required bond. Noting that almost anyone at the site of a secret still could reasonably be said to be carrying on the business or aiding or abetting it and that Congress had accorded the evidence of presence only its 'natural probative force,' the Court sustained the presumption.

"This case is markedly different from *Gainey, supra.* Congress has chosen in the relevant provisions of the Internal Revenue Code to focus upon various phases and aspects of the distilling business and to make each of them a separate crime. Count 1 of this indictment charges 'possession, custody and * * * control' of an illegal still as a separate, distinct offense. Section 5601(a) (1) obviously has a much narrower coverage than has § 5601(a) (4) with its sweeping prohibition of carrying on a distilling business."
United States v. Romano, 1965, 382 U.S. 136, 139, 140, 86 S.Ct. 279, 282, 15 L. Ed.2d 210.

liquor violation" and a similar mistake occurs on p. 464. The facts are that Brookins had been so convicted in 1963, some five years prior to his arrest (R. p. 56), but Nowicki admitted that at the time of arrest he did not know of Brookins' conviction (R. p. 37).

In the original opinion we failed to call attention to the following part of Nowicki's testimony:

"Q. Now, did you station yourself somewhere to watch that distillery?

"A. Yes, I did.

"Q. And why did you do that rather than going on in and arresting Johnson?

"A. We were expecting the owner of the distillery to come down to it." (R. p. 18.)

Of more significance is the mistaken emphasis (423 F.2d at 465) placed upon a part of Nowicki's testimony, and the erroneous conclusion drawn in the attached footnote:

" 'Q. And why did you approach him?

A. With the intention to arrest him.

Q. *What did you intend to arrest him for?*

A. *Possessing an unregistered distillery.*' [Emphasis supplied].[1]

"1. Under the circumstances as then existing this was obviously the only possible basis for the arrest. Prior thereto there was nothing to show that Brookins was carrying on the business of a distiller or working at a distillery or in possession of distilled spirits. An unidentified person was actively engaged in these activities but he had not been arrested and there was then no known connection between him and Brookins."

(423 F.2d at 465 & n. 1.)

Actually we find no testimony that Nowicki ever disclosed to Brookins his intention to arrest him for possessing an unregistered still. Nowicki merely testified that "I placed Brookins under arrest" (R. p. 21) after finding the 25 corks, the severed jug spout, and the lunch in the two paper sacks which Brookins was carrying, and before the arrival of his fellow officer O'Steen. Brookins' version was more explicit:

"A. He walked on up to me and he said 'Ain't that a liquor still over there?' I said 'I don't know what it is.' I said 'That's my business down here though, I heard that fuss.' He said 'What's your name?' I said 'Ed Brookins.' He said 'Yeah, that's a liquor still,' said 'You're under arrest, sit down.' " (R. pp. 48, 49.)

Thus, neither arrest participant testified to any statement by Officer Nowicki that the ground of arrest was for possessing an unregistered still. Apparently that ground remained a mere undisclosed intention.[8]

■ The conclusion drawn in the heretofore quoted footnote to the original opinion (423 F.2d 465, n. 1) that possessing an unregistered still was "the only possible basis for the arrest" is a mistake. Nowicki had probable cause to arrest Brookins for carrying on the business of a distiller. At the time of the arrest, Nowicki and Brookins were about 25 yards from the still, witnessing it in operation, and smelling the mash. Just at that time Nowicki had expected the owner to appear. Brookins was making a beeline for the still. Nowicki knew that the still was only 500 yards from Brookins' home, and he knew Brookins' reputation as a "major violator" of the liquor laws in that area. It was reasonable for Nowicki to entertain the belief that Brookins had some part in furthering the operation of the still.[9] Car-

8. This is mentioned only for the sake of accuracy, for we will presently develop that, even if Nowicki had positively told Brookins the ground of his arrest was for possession of an unregistered still, the arrest should nonetheless be held legal because probable cause existed to arrest for carrying on the business of a distiller.

9. Of course, aiding and abetting in carrying on the business of a distiller would make Brookins punishable as a principal. 18 U.S.C. § 2.

rying on the business of a distiller was clearly a reasonable basis for Brookins' arrest.

■ Nowicki was a United States Treasury Agent of the Alcohol and Tobacco Tax Division.[10] His authority [11] to make arrests and seizures was conferred by 26 U.S.C. § 7608(a) (3) and (4):

"§ *7608.* *Authority of internal revenue enforcement officers*

"(a) *Enforcement of subtitle E [Alcohol,* Tobacco and Certain Other Excise Taxes, including Chap. 51 §§ 5001–5066] *and other laws pertaining to liquor, tobacco, and firearms.*—Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary or his delegate charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary or his delegate is responsible, may—

   *     \*    \*    \*    \*    \*

"(3) in respect to the performance of such duty, make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and

"(4) in respect to the performance of such duty, make seizures of property subject to forfeiture to the United States." [12]

■ The finding on original hearing of lack of probable cause for the arrest of Brookins was based on the view that Nowicki had to have probable cause to arrest Brookins for possessing an unregistered still because Nowicki testified that such was his intention. Even if that intention had ripened into a statement of that offense as the ground for arrest, the existence of probable cause for arrest for carrying on the business of a distiller would prevent the arrest from being held illegal. That much is now firmly established by the well-reasoned opinion in Klingler v. United States, 8 Cir. 1969, 409 F.2d 299, 304, 305, cert. den. 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed. 2d 110.[13]

■ If Brookins had been arrested at the still itself, his presence there would have justified his conviction for carrying on the business of a distiller. Under the existing circumstances, Brookins' direct approach to the still at a time when Nowicki expected the owner to appear and at a place about 25 yards from the still, then in full operation, amply furnished probable cause to believe that he intended to be present at the still site for some reason connected with the operation of the still. Thus, probable cause for the arrest existed independently of the fruits of the search of the two paper bags. The arrest was perfected almost immediately after the contents of the bags were revealed. In these circumstances it is not material that the search preceded the arrest. Lovelace v. United States, 5 Cir. 1966, 357 F.2d 306, 310; Henderson v. United States, 5 Cir. 1968, 405 F.2d 874, 875; Annotation, 89 A.L.R.2d 715, at 780, *et seq.*

Rehearing is granted and, the judgment of conviction is affirmed.

Affirmed.

---

10. See United States v. Littlejohn, E.D. N.Y., 1966, 260 F.Supp. 278, 279.

11. See United States v. Costner, E.D. Tenn., 1963, 217 F.Supp. 644, 645, n. 1.

12. It may be noted that the statute does not require the officer to inform the accused of the ground for his arrest. Apparently the earliest time that exact information of the complaint against him has to be given to a person arrested by an officer without a warrant is when he is taken before a commissioner. See Rule 5(a) and (b), Fed.R.Crim.P.

13. Followed in United States v. Valentine, 8 Cir. 1970, 427 F.2d 1344, 1347.

**46**

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent. The views originally expressed at 433 F.2d 463 remain unchanged.

The majority adheres to its original view that Brookins could not lawfully have been arrested for the possession of an unregistered still. The ground is shifted to the entirely new proposition that he could have been lawfully arrested for carrying on the business of a distiller. There is no getting around the testimony of the trained and experienced agent that he arrested Brookins for possessing a still, NOT for carrying on the business of a distiller.

If, however, a factor which had nothing to do with the arrest when made is to be injected as a life-saving hypodermic for an invalid arrest, then I am of the opinion that there was no probable cause to arrest Brookins for carrying on the business of a distiller.

Walking through a field with a paper sack, even if in the direction of the distillery, is not enough for me to hold that there was probable cause for an arrest for carrying on the business of a distiller. And this is especially true if, as in this case, there is already somebody at the distillery and operating it.

My highly esteemed Brethren of the majority say that "If Brookins had been arrested at the still itself, his presence there would have justified his conviction for carrying on the business of a distiller". The point is that he was not at the still. I am unable to comprehend that walking in an open field on one's property in the direction of a still can be made legally synonymous to being present at the still. What Brookins "might do" is not enough. The crucial factor is what he was actually doing when the officer stopped him.

I am compelled to dissent.