UNITED STATES of America,
Plaintiff-Appellee,

v.

William Gus RECTOR, Defendant-
Appellant.

No. 73-2806
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1973.

Murray L. Williams, Water Valley, Miss. (court-appointed), for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. More-Attys., Oxford, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant William Gus Rector was convicted after jury trial under five counts [1] of a five-count indictment

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

[1]. Count One charged Rector and two others, Surrett and Thompson with conspiracy, Title 18 U.S.C. Sec. 371, to violate Sec. 5601(a)(1), 5601(a)(4), 5601(a)(7), 5601(a)(12), 5602, 5604(a)(1) and 7206(4) of Title 26, and alleged 9 overt acts committed in

furtherance of the conspiracy, 6 of them by Rector.

Counts Two through Five were substantive counts: Count Two charged Rector and Thompson with possession, aided and abetted by each other, of an unregistered, set-up distillery, Title 26, Sec. 5601(a)(1) and Title 18 U.S.C. Sec. 2; Count Three charged Rector, Thompson and Surrett, aided and abetted by each other, with carrying on the business of a distiller without having given bond

charging him with violation of the Internal Revenue Code with respect to non-tax paid distilled spirits, or "moonshine whisky", in April and May, 1972, in Choctaw County, Mississippi.

The two grounds of error asserted on appeal are (1) that the evidence was insufficient to sustain conviction and that Rector's motion for judgment of acquittal as to each count should have been granted by the trial court, or in the alternative, his motion for new trial should have been granted below; and (2) that the trial court committed prejudicial error in instructing the jury upon the government's request as to the permissible inferences to be drawn from appellant's presence at the still site.

■■ As to the first contention, our review of the record convinces us that the evidence produced by the government,[2] together with the permissible reasonable inferences therefrom, viewed in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704, amply sufficed to take the case to the jury and to support the verdict of guilty as to each count.[3]

■ The appellant fares no better under the second point raised. The able district judge was careful to limit his instruction as to the inference permitted to be drawn from unexplained presence at the still (based on Title 26, U.S.C. Sec. 5601(b)(2)) to Count Three, the charge of carrying on the business of a distiller without giving bond, and aiding and abetting in the same, Title 26, U.S.C. Sec. 5601(a)(4), as approved by United States v. Gainey, 1965, 380 U.S. 63, 69–70, 85 S.Ct. 754, 757–758, 13 L.Ed.2d 658, 662–663 without alluding to the statutory inference from presence alone under Title 26, U.S.C. Sec. 5601(b)(1) with reference to possession of an unregistered distillery, Title 26, U.S.C. Sec. 5601(a)(1).[4] In United States v. Brookins, 5 Cir. 1970, 434 F.2d 41, cert. denied, 1971, 401 U.S. 912, 91 S.Ct. 880, 27 L.Ed.2d 811, we pointed out the distinction between the constitutionality of the inference under Title 26, Sec. 5601(b)(2) and the unconstitutionality of the inference permitted to be drawn

---

as required by law, Title 26 U.S.C. Sec. 5601(a)(4), and Title 18 U.S.C. Sec. 2; Count Four charged Rector and Thompson, aided and abetted by each other, with making and fermenting 5100 gallons mash fit for distillation into distilled spirits on premises other than those of an authorized distillery, Title 26 U.S.C. Sec. 5601(a)(7) and Title 18 U.S.C. Sec. 2; and Count Five charged Rector, Thompson and Surrett, aided and abetted by each other, with unlawful possession of 446 gallons of non-tax paid distilled spirits, Title 26 U.S.C. 5601(a)(4) and Title 18 U.S.C. Sec. 2.

2. Neither the defendant, nor his co-defendants Thompson and Surrett offered any evidence in their defense.

3. Since the trial judge sentenced Rector to five concurrent 3 year terms of confinement, the conviction is sustainable under the concurrent sentence doctrine, see e. g. United States v. Vigo, 5 Cir. 1970, 435 F.2d 1347 provided the evidence was sufficient to support the conviction as to any single count. As we note in the text, we think the guilty verdict was proper under each count.

4. The instruction given by the trial judge was:

"Whenever a defendant is shown to have been at the site or place where and at the time when, the business of a distiller or rectifier was so engaged in or carried on, such presence is a circumstance from which the jury may infer that the person or persons present were carrying on the business of a distiller without having given bond as required by law, unless the evidence in the case provides a satisfactory explanation for the defendant's presence at the still and such presence shall be deemed sufficient evidence to authorize conviction unless such presence is explained to the satisfaction of the jury.

This does not mean that the presence of a defendant at the site and place at the time referred to required the jury to convict a defendant, if the evidence in the case, facts and circumstances proved, fails to explain a defendant's presence to the satisfaction of the jury. It simply means that a jury may, if it sees fit, convict upon such evidence, as it shall be sufficient to authorize a conviction, but does not require such a result."

from mere presence authorized in a prosecution under Title 26, U.S.C. Sec. 5601(a)(1) by the provisions of Title 26, U.S.C. Sec. 5601(b)(1). The distinction is apparently overlooked by appellant in his discussion on brief. At any rate, it is not alluded to. As we indicated in *Brookins,* supra, it is critical, and it is fatal to appellant's position here.

Affirmed.