**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Alfred HOFMAN and Robert
Pearson, Defendants-Appellants.**

**No. 73–1904
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1974.

Rehearing Denied March 14, 1974.

---

* Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir., 1970, 431 F.2d 409.

Jay Hershoff, Miami, Fla. (Court-appointed), for John Hofman.

Sky E. Smith, Miami, Fla. (Court-appointed), for Robert Pearson.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Although they were convicted at the same trial of several persons involved in varying degrees in a counterfeiting operation, Hofman's and Pearson's appeals present unrelated issues. Hofman was convicted of dealing in .counterfeit obligations and aiding and abetting, 18 U.S.C.A. § 473 and § 2, and the district court sentenced him to the custody of the Attorney General for five years. On appeal he submits that the evidence of his contact and involvement with the counterfeit money was insufficient to support the conviction.

Pearson on the other hand implicitly acknowledges that the evidence which helped condemn him was all too sufficient. He seeks reversal of the district court's denial of his motion to suppress it. The jury found him guilty on two counts of violating 18 U.S.C.A. § 472 and § 2 (uttering counterfeit obligations and aiding and abetting), one count of violating 18 U.S.C.A. § 473 and § 2 (dealing in counterfeit obligations and aiding and abetting), and one count of violating both 18 U.S.C.A. § 472 and § 2 and § 473 and § 2. The district court sentenced him to five-year concurrent terms on each count. We affirm both convictions.

▮ Hofman essentially contends that the jury convicted him for simply hanging around a bunch of counterfeiters. The evidence which supports the jury's conclusion includes: Hofman's admission that he was present in the room where the counterfeit money was counted; his admission he knew the money was counterfeit; the government witnesses' testimony that Hofman helped count and bag the money; and Hofman's statement that his fingerprints would be found on the paper cutting machine. We conclude, viewing the

evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), that the jury could reasonably find that the evidence excludes every reasonable hypothesis except that of guilt. United States v. Sidan-Azzam, 457 F.2d 1309 (5th Cir., 1972); Surrett v. United States, 421 F.2d 403 (5th Cir., 1970).

Pearson contends that the district court should have suppressed the counterfeit money which the government agents found in his motel room. While three government agents kept Pearson's motel room [1] under surveillance, another government agent followed through with a prearranged buying transaction at a nearby shopping center with Tom Aciego, who had brought the money from the motel.[2] The buying government agent arrested Aciego, then returned to the motel in order to arrest the others involved. The agents had not observed anyone leave, but when they entered the room, it was empty. They found counterfeit money on a sofa-bed and in a closet, in plain view (which Pearson concedes). If the agents validly entered the motel room, then the district court properly admitted the contraband.

Pearson asserts that the government should have obtained an arrest warrant prior to attempting to arrest the individuals (including Pearson) in the motel room. Probable cause to make the arrests is not at issue here, the surveillance and the transaction with Aciego established that requirement. Although the Supreme Court expressed a preference for arrest warrants in Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L. Ed.2d 142 (1964), we noted in United States v. Morris, 477 F.2d 657, 663 (5th Cir., 1973), that:

> To our knowledge all of the courts that have considered the question have decided that a warrant is not a prerequisite to a lawful arrest. A warrantless arrest is nevertheless valid if the arresting officer has probable cause to believe that the person arrested has committed or is in the act of committing a crime.

See, United States v. Wysocki, 457 F.2d 1155 (5th Cir., 1972); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623 (10 L. Ed.2d 726 (1963).[3]

Secondly, Pearson contends that the attempted arrest was a subterfuge for a warrantless, invalid search, relying on Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir., 1968), and United States v. Sanchez, 412 F.2d 1177 (5th Cir., 1969). In *Amador-Gonzalez*, the police used a traffic arrest as a pretext for a narcotics search. In Pearson's situation, the search was closely related to the nature and purpose of the arrest and does not fall within the prohibition of *Amador-Gonzalez* and *Sanchez*. The district court properly denied the motion to suppress.

Affirmed.

1. Where the counterfeit money had been counted, assembled in packets, and bagged.

2. The surveillance agents had seen Aciego enter the motel empty-handed and leave with a seemingly full paper bag.

3. That the agents did not actually make the arrests in the motel room does not render their entry invalid. They had probable cause for the arrest and they entered the room in the belief that the suspects were still present. Though their entry was forcible, they first knocked and announced their presence and identity. Receiving no response, they then forced the door.