[No. 16416-3-I.   Division One.   April 27, 1987.]

THE STATE OF WASHINGTON, *Appellant*, v. PHILIP L. STEBBINS, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Deputy,* for appellant.

*Peter Moote,* for respondent.

SCHOLFIELD, C.J.—The State of Washington appeals the trial court's dismissal of second degree burglary charges against Philip Lewis Stebbins.

## FACTS

Stebbins, a juvenile, was charged by information with burglary in the second degree. Prior to trial on this matter, Stebbins moved to suppress certain evidence and certain

statements made by him to the police.

At the hearing on the motion on April 19, 1985, King County Police Detective Frampton testified that he initially received a report from a Mrs. Kathy Wells that her father's home had been burglarized. Subsequently, Mrs. Wells contacted Detective Frampton to tell him that she had been told by the high school principal that he overheard her son, Mike, talking about a burglary that had been committed. Detective Frampton called the principal, who confirmed the story.

Detective Frampton also spoke to Stebbins' mother, who told him that she had seen her son loading a microwave oven into her truck and that Stebbins had told her he was helping Mike Wells move the oven. Detective Frampton spoke with Mike several days later and took a statement from him, in which Wells told the detective that he and a group of friends had decided to burglarize his grandfather's house because the grandfather was hospitalized and the house was vacant. Wells stated that Stebbins had participated in the burglary and had fenced some of the stolen items.

Detective Frampton contacted Officer DiMonda, gave him the information about Stebbins' involvement in the burglary, and requested that Officer DiMonda locate Stebbins and attempt to recover some of the property. Officer DiMonda testified that he had also been investigating a residential armed robbery in Snohomish County allegedly involving Stebbins. DiMonda contacted Stebbins at his home, and after advising him of his rights, asked Stebbins to return some of the stolen property, including a television and a cable converter box. Officer DiMonda and Stebbins went looking for an individual whom Stebbins believed to be in possession of the items. DiMonda testified that he then arrested Stebbins on the armed robbery charge, pursuant to information he had received from his sergeant on that case.

No additional probable cause testimony was presented by the State. Stebbins argued that his motion to suppress evi-

dence as fruits of an illegal arrest should be granted because the State had failed at the hearing to show probable cause for the armed robbery arrest. The trial court agreed and granted Stebbins' motion to suppress and then dismissed the burglary charge. The State appealed this dismissal.

### DETERMINATION OF PROBABLE CAUSE TO ARREST

A police officer may make an arrest without a warrant for offenses committed outside his presence if he has reasonable grounds to believe (1) that the offense committed is a felony and (2) that the person apprehended committed the felony. *Kellogg v. State,* 94 Wn.2d 851, 621 P.2d 133 (1980). Such an arrest is reasonable only if supported by probable cause. *State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983); *Dunaway v. New York,* 442 U.S. 200, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979).

Probable cause exists for a warrantless arrest where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a person of reasonable caution to believe that a felony has been committed. In determining whether the officer's belief was reasonable, the court must consider all the facts within the officer's knowledge at the time of the arrest and that officer's special experience and expertise. *State v. Fricks,* 91 Wn.2d 391, 588 P.2d 1328 (1979).

The State correctly argues that all the information known by the officers of an investigating agency is to be considered in determining probable cause. *State v. Maesse,* 29 Wn. App. 642, 629 P.2d 1349 (1981). In *Maesse,* a juvenile was arrested based upon instructions received by the arresting officer over the police radio. Adopting the "fellow officer" rule, the *Maesse* court held that when police officers are acting together as a unit, the total knowledge of all the officers involved in the arrest may be considered in deciding whether there was probable cause for an arrest. *Maesse,* at 647.

In *State v. Vangen,* 72 Wn.2d 548, 433 P.2d 691 (1967),

the defendant was convicted of forgery. The police arrested him originally on the charge of defrauding an innkeeper, a charge which they believed to be a felony, although they later found it is only a misdemeanor. The defendant attempted to suppress the credit cards and other items taken from him at the time of arrest, arguing that the arrest was illegal because it was a misdemeanor arrest without a warrant. On appeal, the *Vangen* court held that the arrest was not illegal because at the time of the arrest, the officers had knowledge of several felonies for which the defendant could have been arrested. *Vangen,* at 553.

In *United States v. Brookins,* 434 F.2d 41 (5th Cir. 1970), *cert. denied,* 401 U.S. 912 (1971), the defendant was convicted of carrying on the business of a distiller, contrary to 26 U.S.C. § 5601(a)(4). At the suppression hearing, the arresting officer testified that he went to the defendant's house with the intention to arrest him for possessing an unregistered distillery. On a rehearing of the case, the Fifth Circuit Court of Appeals held that the arrest for carrying on the business of a distiller was supported by probable cause, despite the fact that the officer's intention was to arrest the defendant for possessing an unregistered still. The court stated:

> Even if [the officer's] intention had ripened into a statement of [the offense of possessing an unregistered still] as the ground for arrest, the existence of probable cause for arrest for carrying on the business of a distiller would prevent the arrest from being held illegal.

*Brookins,* at 45. *See also Klingler v. United States,* 409 F.2d 299 (8th Cir.), *cert. denied,* 396 U.S. 859 (1969).

■ The analysis contained in these cases can be applied here. In each instance, the courts looked to the information actually known to the officers to determine whether probable cause existed to support an arrest on *any* charge. In the case before us, the State did not present evidence as to whether Officer DiMonda possessed sufficient information to support an armed robbery arrest. However, the State's evidence was sufficient to support a finding of probable

cause on the burglary charge, considering the information available to both Officer DiMonda and Detective Frampton. The arrest was supported by probable cause.

Therefore, the trial court's dismissal of the charges against Stebbins is reversed, and this case is remanded for trial.

WILLIAMS and GROSSE, JJ., concur.

Review denied by Supreme Court July 1, 1987.